# RIEBEN *vs.* HICKS.

## *In the matter of the Estate of* ELIZA H. RIEBEN, *deceased.*

An alleged settlement of accounts between executory trustees and a deceased *cestui que* trust, *held* not to exonerate the trustees from filing their accounts, so as to enable the representative of the *cestui que* trust to examine whether there had been errors or defects, or the settlement had been fairly made : although, if no unfairness be exhibited, the settlement may be sufficient to exonerate the trustees from vouching the account.

B. F. DUNNING,
A. L. ROBERTSON, *for Collector.*

A. CARDOZO,
F. B. CUTTING, *for Trustees.*

THE SURROGATE.—This is an application by the special collector of the estate of Eliza H. Rieben to compel the executors of the estate of Samuel Hicks, deceased, to account for the income of the share of Mrs. Rieben under the will of their testator. The executors reply that the accounts were settled between themselves and the *cestui que* trust on the 18th of January, 1855, and that the balance then found due was adjusted by a covenant executed by the executors charging the balance upon certain real estate owned by them. It appears that the account has been running since the year 1837 ; that for a long portion of that period regular annual

accounts were made out by the executors, as if to be rendered the *cestui que* trust ; that several of these accounts, including a summary statement of the mode in which the alleged settlement was made, together with the covenant of settlement itself, were found, after Mrs. Rieben's decease, among other papers belonging to her, in a trunk deposited in bank. I would prefer, at this time, not to pass upon the question of the sufficiency of the proof, to show a settlement between the parties. I think, however, that under the circumstances the executors should go further than they have, and establish, so far as in their power, that the basis of the settlement accords with their books and accounts. The opportunity should be afforded the court and the parties invoking its aid, to see whether the accounts alleged to have been adjusted, have been regularly kept, and whether, as compared with them, the settlement appears to have been just and proper. On filing such a statement, and showing that it accords with the trust accounts kept contemporaneously with the trust transactions, it is possible that the evidence in favor of a settlement with the *cestui que* trust which has been adduced, may be considered as sufficient to exonerate the trustees from vouching the items of the account. All that I mean now to say is, that although an alleged settlement may possibly be appealed to, in exoneration of vouching the items of an old and long-standing account, it ought not to avail against such an exposition of the accounts themselves, as will enable the representative of the *cestui que* trust to examine and search for errors and defects. At the present stage of the case, I think it is the duty of the trustees to file their account from the beginning of the trust, and show how far it accords with their books. It is possible that such a statement may be entirely satisfactory ; if it be not, I shall then determine upon the effect of the alleged settlement.