NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
March, 1881.

## JOEL v. RITTERMAN.

*In the matter of the estate of* AMELIA WILSON, *deceased.*

A decree was obtained February 26, 1880, against an executor, on final settlement of his account, directing him to pay a sum of money to a legatee. Upon an application for an attachment against him, for non-payment, he set up, as reason for failure to pay, his insolvency and the want of means or property, of his own or belonging to the estate, with which to pay any portion. *Held,* no defense.

APPLICATION by a legatee against the executor, for an attachment, for the non-payment of the sum of $483.47, with interest from January 1, 1871, pursuant to a decree on final settlement of his account, entered February 26, 1880.

The petition of Mrs. Joel, daughter of decedent, set forth an entry of the decree ; that a certificate was filed and docketed in the clerk's office ; that execution was thereon issued against the property of the executor, Ritterman, and returned unsatisfied ; that a certified copy of the decree was served upon the executor ; and asked that an attachment issue against the executor for non-payment.

On the return of the order to show cause, the executor filed an affidavit that he had neglected to pay the amount of the decree, for the reason that he had no money, nor means, nor property, with which to pay the same or any part thereof ; that he had been insolvent since 1869, and since then had had no property, nor

money, of his own or belonging to the estate, with which to pay any portion of said sum.

G. P. AVERY, *for petitioner.*

THE SURROGATE.—The manner in which the motion was argued indicated that the attachment sought was under section 2555 of the Code, as for a contempt, which has no application to the proceedings, the decree having been entered before September 1, 1880 (§ 3347, subd. 11). But the moving papers seem to justify the issuing of an attachment under section 10, subd. 4, of 3 *R. S.*, 327 (6 ed.), which must be in form similar to that used by the court of chancery in analogous cases.

Ordered accordingly.