NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—March, 1886.

REILLEY *v.* DUFFY.

*In the matter of the estate of* CHARLES DUFFY, *deceased.*

A mere appearance of interest in the estate of a decedent is ordinarily sufficient to sustain an application, under Code Civ. Pro., § 2726, to compel a judicial settlement of the account of its representative; as where the interest of petitioner appears to have been extinguished by a release which he attacks as void.

THIS was an application by a father and guardian on behalf of infants for the judicial settlement of the account of Letitia Duffy, the administratrix of their maternal grandfather's estate; opposed by the administratrix on the ground that the infants were not "persons interested" in the estate, under Code Civ. Pro., § 2514, and therefore not entitled to an accounting under § 2726.

To sustain her position, the administratrix produced and read a release, executed by the mother of the infants in her lifetime to the administratrix, as follows:

New York, January 6th, 1885.

I, Mary C. Reilley, of Bridgeport, Connecticut, on this day, for the consideration of one dollar, release and sell whatever claim or title I have in the real or personal estate of my deceased father, Charles Duffy, to my mother, Letitia Duffy.

MARY C. REILLEY.

This answer the petitioner met by an affidavit that his wife was induced to execute the paper purporting to be a release during her last sickness, and at a time when she was very ill, by the fraud, coercion and undue influence of the respondent, and that it was not her free act and deed.

CHARLES G. CRONIN, *for petitioner.*

R. S. CRANE, *opposed.*

THE SURROGATE.—This is a proceeding wherein the petitioner, as the guardian of the two infant children of Mary C. Reilley, deceased, applies for an order directing the administratrix of this estate to file an account. The respondent concedes that previously to

January 6th, 1885, Mrs. Reilley, who was one of the daughters of this decedent, was a. person interested in his estate; but by the answer of the administratrix it appears that, on that day, she executed and delivered to her a release of her interest therein.

The execution and delivery of this release are not disputed, but the petitioner has filed an affidavit alleging that it was obtained by the fraud, coercion and undue influence of the respondent.

The question whether the release is for this cause invalid, the Surrogate has no jurisdiction to determine. But in view of the sworn allegation of its invalidity, I must order an accounting (Fraenznick v. Miller, 1 *Dem.*, 136; Harris v. Ely, 25 *N. Y.*, 138; Rieben v. Hicks, 4 *Bradf.*, 136; Schmidt v. Heusner, *ante*, 275).