## SURROGATE'S COURT.

In the Matter of the Estate of CHARLES DUFFY, deceased.

*Accounting — Executors and administrators — What is sufficient to justify an order for an accounting by an administrator — at whose instance it may be ordered — Code of Civil Procedure, sections 2514, 2726.*

The mere appearance of an interest is ordinarily sufficient to justify an order for an accounting by an administrator (1 *Bradf.* 24). The surrogate has no jurisdiction to determine the validity of a release, and where its invalidity is sworn to will direct an accounting. An accounting has been ordered at the instance of a residuary legatee who had given a release to the executor (25 *N. Y.*, 142).

*New York County, March,* 1886.

*Charles G. Cronin,* for application.

*Royal S. Crane,* opposed.

THIS was an application by a father and guardian on behalf of infants for the judicial settlement of the accounts of the administratrix of their maternal grandfather's estate.

The application was opposed by the administratrix on the ground that the infants were not "persons interested" in the estate under section 2514 of the Code, and therefore not entitled to an accounting under section 2726 of the Code.

To sustain her position the administratrix produced and read a release executed by the mother of the infants in her life time to the administratrix, as follows:

"NEW YORK, *January* 6, 1885.

"I, Mary C. Reilley, of Bridgeport, Connecticut, on this day, for the consideration of one dollar, release and sell whatever claim or title I have in the real or personal estate of my deceased father, Charles Duffy, to my mother, Letitia Duffy.

"MARY C. REILLEY."

This answer the petitioner met by an affidavit that his wife

People *ex rel.* Brown agt. Supervisors of Herkimer County.

was induced to execute the paper purporting to be a release during her last sickness, and at a time when she was very ill, by the fraud, coercion and undue influence of the respondent, and that it was not her free act and deed.

ROLLINS, S.—This is a proceeding wherein the petitioner, as the guardian of the two infant children of Mary C. Reilley, deceased, applies for an order directing the administratrix of this estate to file an account. The respondent accedes that prior to January 6, 1885, Mrs. Reilley, who was one of the daughters of this decedent, was a person interested in his estate; but by the answer of the administratrix, it appears that on that day she executed and delivered to her a release of her interest therein.

The execution and delivery of this release are not disputed, but the petitioner has filed an affidavit alleging that it was obtained by the fraud, coercion and undue influence of the respondent.

The question whether the release is for this cause invalid, the surrogate has no jurisdiction to determine. But in view of the sworn allegation of its invalidity, I must order an accounting (*Fraenzmick* agt. *Miller*, 5 *Redf.*, 136; *Harris* agt. *Ely*, 25 *N. Y.*, 138; *Rieben* agt. *Hicks*, 4 *Bradf.*, 136; *Estate of Andress Schmidt, surrogate's decisions, Dec.* 23, 1885).