By the Court. Hoffman, J.
The case has been presented in two aspects. First: That the sureties are clearly bound by the *569 terms of their bond, for the $1086.90, receipted for by Smith, even if the question is an open one. Next: That the decree of the Surrogate, charging Smith with the amount, is conclusive upon them.
First. The obligation of Smith was, to account for all money, property, or things in action received by him as collector. The sureties covenant that he shall do this. The money in question was, in contemplation of law, in Henry’s hands. He was chargeable with it; and, doubtless, was charged with it upon passing his accounts. On his accounting, he discharged himself by the receipt for the amount given by Smith, as the new collector, to him. Henry was adjudged to pay such amount to Smith. The decree, then, on the assumption that Henry had the money, was a chose in action, vested in Smith, for which he was to account. When the receipt was given, the money, legally in Henry’s hands, was received by Smith from him as collector. In legal intendment, it could not have been received in any other capacity.
In Saunders, and others v. Taylor, (9 Barn. & Cress. 95,) the defendant was surety in a bond given by one Hutchins. The latter had been appointed collector of rates by the commissioners of sewers. The bond in question recited, that he would be entitled to receive several rates and assessments; and the condition was, to account and pay over to the commissioners for the time being, all such sums of money as he had already received, or should thereafter receive by virtue of any rates, for, or on account of, the commissioners. The plaintiffs were appointed commissioners on the 3d of March, 1826, and the bond was dated the 20th of May, 1826. The collector had been also collector under an appointment by prior commissioners, and as such, had received rates, which were in his hands at the date of his present appointment. It was held, that the present commissioners were, of course, entitled to the rates collected before their-appointment; the reappointed collector was responsible to them, and that a bond conditioned for the discharge of the duties of a reappointed collector, would not be applicable to the whole duties of his office, if confined to a rate made and collected under the commission in force at the time of his appointment. The language might require, indeed, a more limited construction.
The court then examined the language of the bond, and con- *570 eluded, that it extended to all moneys received by Hutchins as collector, by virtue of any rate fixed by any commissioners of sewers.
It must be noticed, that counsel contended, that the words, already received, were satisfied by covering moneys received between the 3d of March, when the existing commissioners, the plaintiffs, were appointed, and the 26th of May, the date of the bond. The cases of collector’s bonds, which have been referred to by the defendants’ counsel, proceed upon the ground that the term of office being prescribed by law, the obligation of the surety is solely to respond for acts or neglects during that period. It is simply that he hath performed his duties faithfully, that is, from the date of the next preceding appointment to that of the bond, and will perform them faithfully, that is, from the date of the bond to the expiration of the term. (See United States v. Eckford's Executors, 1 How. 258.)
The case of Ketson v. Julian, (30 Eng. Law & Eq. Rep. 329,) is to the same effect. Where the limited period of an appointment appears in a bond, or is shown in a pleading, the responsibility of a surety is restricted to that period, unless otherwise expressly provided.
But no question of a responsibility for former acts as a former collector arises in this case. The question is, whether the acts done, or facts occurring while he was actually collector, make his sureties liable.
In the case of The Governor v. Lee, (4 Dev. & Bat. 457,) claims were put into the hands of a constable, during one particular official year, and remained in his hands uncollected during a subsequent year, for which he was reappointed. In an action against the sureties of the constable on his bond of the second year, it was held, that they were liable. His committing a breach of the prior bond, by neglect to collect, could not exempt his sureties from a liability for a continued neglect during the ensuing year.
Indeed, in my opinion, this case might be rested upon the simple ground, that if Smith had been appointed collector, owing money to the estate, the sureties would prima facie be responsible for the due application of the amount. The debt' would be assets. All that justice would require, would be, that they should have *571 the same right to prove, in their discharge, that the debt was desperate at the time of their bond, as their principal would have to prove that the debt of a third person was not collectable.
In relation to the other point, viz.: the effect of the Surrogate’s decree, our decision renders it unnecessary to pass upon it. Judgment for the plaintiffs affirmed, with costs.