The bond contains the following condition: That "Smith should make a true and perfect inventory of such of the assets of the said deceased as should come to his possession or knowledge, and return the same within three months to the office of said surrogate, and should faithfully and truly account for all property, money and things in action received by him as such collector, whenever required by the said surrogate or any other competent authority, and faithfully deliver the same to the persons who should be appointed the executors or administrators of the said deceased, or to such other persons as should be authorized to receive the same by the said surrogate." The money collected by Smith as agent for Henry, while the latter was collector of the estate, was received by Smith in a fiduciary character, and it would have been a violation of duty on his part to convert the same to his own use. The presumption then is, that this money remained in his hands at the time he gave the receipt to Henry. The character in which Smith held the money was then changed. Before, he held it as agent for Henry; after, in his official character as collector. Then the liability of the sureties attached. The passing of the money from Smith to Henry, and from the latter back to Smith, would have been an idle ceremony. The law has regard to substance and not form. Were the presumption otherwise, and Smith deemed the debtor of Henry prior to giving the receipt, the sureties of Smith would be equally liable. The demand against Henry in favor of the estate of O'Neil was a chose in action, and by the terms of the bond, Smith was to account for and deliver *Page 152 
over things in action which came to his possession. He had discharged this demand, and neither accounted for nor delivered it over to his successor having charge of the estate. Had Smith converted a note belonging to the estate to his own use, and failed to account for it, the sureties could not relieve themselves upon the ground that his conduct was fraudulent. The object of the bond was to protect the estate against frauds that Smith might commit to its prejudice. So, in this case, it is no answer for the sureties that Smith's conduct in giving the receipt was fraudulent. By his act, Henry and his sureties were discharged from liability. When Henry presented the receipt to the surrogate upon his accounting, and received credit for the amount, there was no further remedy against them; and if, as is insisted by the sureties of Smith, they are not liable, the estate could derive but little benefit from their bond. If they are liable only for the honest defaults of Smith there would be but little use in requiring a bond at all.
The judgment should be affirmed.
All the judges concurring,
Judgment affirmed.