# CHARLESTON.

BOARD OF EDUCATION OF SPENCER DISTRICT OF ROANE COUNTY
*v.* CAIN *et al.*

Submitted June 24, 1886.—Decided November 6, 1886.

1. If a suit be brought on the special bond of a sheriff as the collector of school taxes, and the only breach of the bond alleged by the plaintiff is the failure of the sheriff to pay over the amount, which he was indebted to the *teachers' fund*, the defendants can not set off any balance, which they claim is due from the *building-fund* to the sheriff; nor can any evidence be introduced on the trial of such a suit by either plaintiff or defendants with reference to any receipts or payments made by the sheriff on account of the building-fund. The endeavor to introduce such matters into the suit should be rejected. (p 769,)

2. An ex-sheriff as former collector of the school-fund has no authority without the direction of the board of education of a particular district to pay over any school-fund, which he may have collected, and which is in his hands, when his term expires, to his successor in office; and such payment being alleged will not re-

lieve his sureties or charge the sureties of his successor, unless such board of education subsequently confirm and approve it by charging his successor in office with his consent with the amount he received from the ex-sheriff in the settlement made by the board of education of the accounts of such successor. If this be done, the sureties of the ex-sheriff will be discharged from all obligation therefor, if said funds so turned over are lost ; and the sureties of such successor will be responsible, if such fund so turned over is not accounted for by such successor. (p. 770.)

3. If a sheriff resign his office, and the county court fills the vacancy by appointing the same person as sheriff till the next general election, and the sheriff, when he resigned his office, was indebted on account of the school-fund in his hands to the board of education of a particular district, and at his first settlement after such appointment the board of education with his assent charges him with the whole or a portion of the amount, he owed to such board of education because of the school-fund in his hands, when he resigned his office of sheriff, if he were *solvent*, when he made such settlement, his sureties as sheriff appointed to fill such vacancy in his special bond to account for the school-fund will be responsible for the due accounting for the whole or such portion of the amount he owed to such board of education because of the school-fund in his hands, when he resigned his office of sheriff, as was charged to him in this settlement, but for no more, though he was indebted in a greater amount than was so charged ; and if, when he makes such settlement, such sheriff is *insolvent*, his sureties as sheriff appointed to fill such vacancy in his special bond to account for the school-fund will not be responsible for the due accounting for any portion of the school-fund received by him, before he resigned his office as sheriff, but his sureties in his official bond, when he received such school-funds not accounted for, will be responsible, though the balance in his hands had been transferred by the board of education with his assent to his account as sheriff appointed to fill such vacancy. In a suit brought to hold the sureties of such sheriff appointed to fill such vacancy responsible for such school-funds collected by the sheriff, before he resigned, but so transferred to his account as sheriff appointed to fill such vacancy with his assent and the assent of the board of education, as shown by its being charged in their settlement with him, after he had been appointed sheriff to fill such vacancy, the burden of proving the insolvency of such sheriff, when he made such settlement, and thereby relieving this set of sureties is upon the sureties, as the law will presume the sheriff was solvent, when he made such settlement, and hold them liable, unless his insolvency, when such settlement was made, is shown. (p. 771.)

*J. G. Schilling* for plaintiff in error.

*Wells* and *Pendleton* for defendants in error.

Statement of the case by GREEN, JUDGE:

A. Cain was on the 1st day of September, 1881, appointed sheriff of Roane county to fill a vacancy caused by his own resignation.   On the next day he executed a "school bond" with the defendants, R. C. Greathouse, J. Lewellen, J. A. Butcher, Thomas Deam, Hiram Short, James A. Davis and E. S. Parsons, sureties thereon. · In his settlement of the teachers' fund for 1881, with a balance carried over from 1881, he was found indebted to that fund of Spencer· district in the sum of $451.12.   This money he was ordered by said board to pay to his successor, A. L. Vandal.   In 1885, the plaintiff served a notice on the defendants, setting forth among others the above stated facts, in which they were notified, that on the 1st day of the August term, 1885, of the circuit court of Roane county it would move for judgment for said $451.12, with interest and damages at ten *per cent.*   On the 3d day of September, 1885, the defendants pleaded payment and "conditions performed" and tendered a special plea in writing, to the filing of which the plaintiff objected.   The objection was overruled, and the plea filed; and the plaintiff excepted and filed a general replication to said plea.

The substance of the plea is, that Cain had been sheriff of Roane county for several years next prior to the 2d of September, 1881; that for the year 1881, the school-levy, levied and assessed in the district of Spencer, was for teacher's fund on real estate $772.47, on personal property $201.74; for · building-fund on real estate $479.58 on personal property, $126.64, making in the aggregate for teacher's fund $974.21, and for building fund $606.22, which were all the money, taxes or levies belonging to said district, which came into Cain's hands as sheriff of said county after the execution of his bond on the said 2d day of September, 1881; that after the execution of said bond he paid out the following sums on said teacher's fund due said district for the year 1881, to-wit: to A. L. Vandal, sheriff of Roane county, $899.47, and orders on the sheriff of said county $368.00, and that said A. Cain is entitled to the following additional credit on said teacher's fund, $225.00; that for the same year he paid out · on building fund to A. L. Vandal, sheriff, &c., $549.48, and an order on the sheriff for $201.85, and was entitled to com-

mission $1.71; that in the alleged settlement in the notes
set forth there was erroneously charged to said A. Cain, as
such late sheriff, the following sums, which enter into and
form a part of said alleged balances, to-wit : $945.78 teacher's
fund, which was found due from said Cain in his settlements
with said district long prior to the 2d of September, 1881,
for the taxes levied in said district for the teacher's fund for
the years 1877, 1878, 1879 and 1880, and $37.84, money
arising from the sale and redemption of delinquent lands in
said district, delinquent for the non-payment of the taxes
thereon for the years 1877 and 1878, both of which last men-
tioned sums came into the hands of A. Cain, sheriff, as afore-
said, and right of action accrued to the plaintiff, if at all,
long prior to the 2d of September, 1881 ; and also the fol-
lowing sums, to-wit : $117.52, balance of building fund as-
sessed and levied in the said district for the years 1877, 1878,
1879 and 1880 ; and the said sum of $117.52, was ascertained
and found to be due from A. Cain, sheriff, as aforesaid, to
said district in the settlements made with him long before
the 2d of September, 1881, whereof defendants say, that
they were not nor is either of them liable on said writing ob-
ligatory, for the said alleged ——— sued for in this notice, &c.

The following specifications of payments and sets-off were
filed by the defendants :

"To am't of tax tickets turned over to A. L. Vandal, S. R. C..$899 47
1882.
Feb. 7th—To school orders turned over..................... 330 00
1883.
April  9— "      "      "      "      " :......... .............. 38 00
       "  commissions ...... ................ ........  ..  ............ 2 25
                                                          —————————
                                                          $1,269 72
       "  amount overpaid on  building fund              $30 04"

On the 8th of December 1885 the issues were tried by a
jury, and a verdict was rendered for the plaintiff for $93.80.
The plaintiff moved for a new trial, which motion was over-
ruled, and the plaintiff excepted, and the court entered up a
judgment on this verdict, to which judgment the plaintiff
obtained a writ of error. The defendants did not in the circuit
court and do not here complain of this judgment. Upon
trial the plaintiff took two bills of exceptions one to two in-
structions given at the instance of the defendants.

INSTRUCTION NO. 1.

"If the jury believe from the evidence that the sum of $974.21 was received by A. Cain as taxes and levies for the teachers' fund for the year 1881, and no more after the 2nd day of September, 1881, the date of the bond sued on, and if the jury further believes from the evidence that A. Cain paid over to A. L. Vandal, his successor in the office of sheriff, the sum of $899.47 in taxes and levies for the year 1881, then the jury should give credit for said amount on the said sum of $974.21; and if they believe further from the evidence that said Cain paid the sum of $368.00 in orders to the Board by the Board of Education, and that said orders were received and cancelled, then they should find for the defendants."

INSTRUCTION NO. 2.

"If the jury believe from the evidence that the commissioner who made the settlement with A. Cain for the school year ending in 1881 carried a balance forward from the year 1880, and which balance came into the hands of A. Cain on account of taxes and levies for the year 1880, and from any year or years preceding that time, and that said balance so carried forward entered into and formed a part and parcel of said settlement for the year 1881, out of which the alleged balance sued upon in this case arose, and that A. Cain paid out on his liability to the plaintiff for the said school year ending in 1881, in tax tickets and school orders for the said year, an amount equal to or exceeding the amount that actually came into his hands after the execution of the bond sued on in this case, then the jury must find for the defendants."

The other bill of exceptions was to the refusal of the court to award the plaintiff a new trial; and it certifies all the facts proven at the trial, which were by the plaintiff as follows: First, the sheriff's bond as set forth in the notice. It is dated September 2, 1881. Second, an order of county court of Roane made September 1st, appointing A. Cain sheriff of Roane county to fill a vacancy caused by A. Cain's resignation of the office of sheriff of Roane county, the appointment being to fill such vacancy till the next general election, and A. Cain tendered the bond as sheriff, which was approved, and he qualified, and he also gave the school-bond the basis of

this motion, which was approved by the court. Third, a settlement made by commissioners I. G. Schilling and J. W. C. Armstrong of the account of A. Cain late sheriff of Roane county of the teachers fund of Spencer district which came into his hand for the year ending June 30, 1882, which not being excepted to was ordered by the county court to be filed and recorded.   It is as follows :

### DR.

| | | |
|---|--:|--:|
| "To levy on lands for 1881 .................. .............$ | 772 | 47 |
| "  "  " property for 1881   .... ... ........ ........ | 201 | 74 |
| " balance from last year   ... ....   ........... .... | 945 | 78 |
| " sale and redemption of delinquent lands...... .. ... .. | 37 | 84 |
| " total debits . . .. ....  .................. ........... $ | 1,957 | 83 |

### CR.

| | | |
|---|--:|--:|
| By tax tickets turned over to A. L. Vandal, S. R. Co ... | 890 | 47 |
| " disbursements, orders paid  .. ....................., | 605 | 00 |
| By commission......... ............... .... ....... ...... . | 2 | 24 |
| " total credits..................... ........... .. ... ....... | $1,506 | 71 |

### RECAPITULATION.

| | | |
|---|--:|--:|
| To total debits  ........ ... ....... ........ .......... | 1,957 | 83 |
| By total credits ...... .... .... ..................... .. | 1,506 | 71 |
| Balance in A. Cain's hands ...  .. ........... .......... | $451 | 12 |

Fourth.—An order of the board of education of Spencer district made September 2nd, 1884, ordering A. Cain late sheriff to pay to A. L. Vandal sheriff of Roane county this sum of $451.12 the balance of this teachers fund paid by this settlement with the county court of Roane to be in his hands.   Fifth, that a copy of this order was given to said A. L. Vandal, sheriff; that he did not present it to A. Cain or his deputy, because he could not be found, as he had been indicted for a felony and left the State, and his deputy had died.   Sixth, that the sale for delinquent taxes made by A. Cain was made in November, 1881.   A. Cain turned over to his successor Vandal as sheriff tax-tickets for the teachers fund of Spencer district of 1881 the sum of $899.47.

The defendants gave in evidence first two school orders amounting together to $38.00, which the plaintiff admitted were proper offsets, secondly, the settlement made by A. Cain with the board of education for year ending June 30th, 1882, as follows :

"A. Cain, sheriff of Roane county, in account with Spencer district on school fund 1881 :

DR.

| | | |
|---|---:|---:|
| To Balance due on last settlement | $646 | 78 |
| To levy 1881 | 974 | 21 |
| To commission on $899.47 | 26 | 98 |
| | $1,647 | 97 |
| | 1,258 | 70 |
| | $389.27 | |

CR.

| | | |
|---|---:|---:|
| By 3 per cent. commission on $974.21 levy | $ 29 | 23 |
| By orders returned and cancelled February 7, 1882 | 307 | 00 |
| By orders returned and cancelled | 23 | 00 |
| By amount turned over to A. L. Vandal | 899 | 47 |
| | $1,258 | 70 |
| By orders returned and cancelled April 9, 1883 | 38 | 00" |

They also proved by G. P. Stone, that he was secretary of the board of education; that he made the settlement with E. S. Parsons, then deputy for A. Cain, late sheriff; and upon cross-examination it was proved by him that the board of education did not rely on the settlements made with them, but they depended on the settlements made by the commissioners; that there were sometimes mistakes in these settlements with the board, because the sheriff would not report all the money he had received; that for the year ending June 30, 1882, the sheriff was not charged with the proceeds of sales and redemption of delinquent lands, because he had not reported the same to the board.

These being all the facts proved before the jury, they found a verdict for the plaintiff for $93.89, which was principal interest and ten *per cent.* damages. The plaintiff being dissatisfied with this verdict asked for a new trial, which the court refused and entered up a judgment for this $98.39 with interest from December 8, 1885, and costs, assigning as the reason for so doing, that said A. Cain and his securities in the official bond given by said Cain, as sheriff of Roane county, on the said 2d day of September, 1881, under his appointment to fill a vacancy in the office of sheriff of said county, can not under the evidence be charged with any balance carried forward from the years preceding the execution of said bond.

This is the judgment, to which a writ of error has been awarded:

Opinion by GREEN, JUDGE:

By the 46th sec. of ch. 45 of Warth's Amended Code of W. Va. pp. 338 and 339 the sheriff is required to keep his accounts with the several boards of education of each district; one of money belonging to the teachers fund, and the other of money belonging to the building fund, and to credit every receipt and charge every disbursement to the fund, to which it belongs; to pay out no money standing to the credit of the board of education except upon an order signed by the secretary and president thereof, specifying the sum to be paid and the fund, to which it is to be charged, or upon a certified copy of a judgment or decree of a court or justice against the board for a sum of money therein specified, or on an order of a county superintendent to pay out of the building fund to the secretary of the board of education his salary, which never exceeds $15.00 a year. He is also required on or immediately before July 1st of each year to settle with the board of education of each district. Each board of education is required to number all vouchers, with which the sheriff has been credited by them in such settlement, and to endorse on the back "settled by B. E."; and such indorsement shall be signed by the secretary of the board of education and dated as of the day of the settlement. This settlement and these vouchers are then handed by the sheriff to the clerk of the county court and form the basis of the settlement to be made by the sheriff with the county court at its next term. (Ch. 45, §52 of Warth's Code, p. 341, passed in 1881, Acts of 1881, p. 168). The agency which the county court was to employ in making this settlement was not named, as it should have been, in this act; but it was fixed by ch. 198 of Acts of 1872–3, which is still in force. (Addenda to Warth's Code, No. 12, p. 885). This agency is two commissioners, one at least of whom shall be appointed by the circuit court. The settlement made by them may be excepted to; and the exceptions are decided by the the county court, and if necessary and proper, the settlement corrected; and then or immediately, if the excep-

tions are overruled, or there be no exceptions to the report,
it is recorded in the county court clerk's office and is regarded
as *prima facie* correct. (Warth's Code, pp. 885–6, sec. 3).

In the *Board of Education of St. George's District, Tucker
Co.* v. *Parsons*, 22 W. Va. 313, this Court decided, that, if
at the end of the term of a sheriff there be money in his
hands of the board of education of a particular district, such
board may make an order directing such ex-sheriff to pay all
such money in his hands over to the sheriff, who may succeed
him, and that in such order they need not specify the amount
to be paid over or the fund whether the teachers' or build-
ing fund, out of which it is to be paid, as the entire money
in his hands is ordered to be paid over, and the law above
referred to has no application to such case, it applying only
to orders on the sheriff and not on such ex-sheriff, when the
order is thus general. And when the order is thus general,
it is the duty of such ex-sheriff to obey it, and if he fails to
do so or to account for the money remaining in his hands,
his sureties in his official bond given to account for such
money are responsible for the same. It seems to me equally
clear, that such ex-sheriff has no authority without the con-
sent or direction of such board of education to pay over to his
successor in office as sheriff any funds belonging to such board
of education; for it may prefer to hold responsible for such
fund the sureties in the bond for such purpose, which had
been given by the ex-sheriff, and to give orders on him signed
by the president and secretary of the board specifying the
sum to be paid and the fund whether teachers or building
fund, to which it is to be charged. He could not pay to in-
dividuals any portion of the funds in his hands at the expira-
tion of his office without an order of this character; and were
he to do so, his action could not be made legal and valid by
the board of education approving it afterwards by settling
with him his accounts and allowing such payments as credits
for such ex-sheriff, just as the sheriff is forbidden to make
such payments to individuals, unless he has the previous
order of such board of education of the specified character
above stated. (Sec. 46, ch. 45, Warth's Code, p. 339). But
if he were without any order of such board to pay over to
his successor in office as sheriff any portion of such funds re-

maing in his hands at the expiration of his term, such action would be made legal and valid, if such board of education were afterwards to approve it by giving him credit for such payment in his next settlement with them; for such payments to his successor are not according to our decision in *Board, &c. v. Parsons*, 20 W. Va. 309, 313, within the provisions of said ch. 45 § 46 of Warth's Code, p. 339, above referred to and quoted.

As it is the evident object of said act to keep the accounts of the teachers fund and the building fund entirely distinct, and as said section of our statute-law provides further, "that if any sheriff or collector shall pay out in any one year more money on account of the teachers fund or building fund than shall have been levied and could have been collected by him during said year together with the amount remaining in his hands from any preceding year, he shall in such settlement receive no credit for such excess" (Warth's Code p. 359), it seems to me, that the circuit court ought, when asked by the plaintiff, to have refused to permit the defendants to file the special plea, No. 1 in the record before us, and should also, if asked, have stricken from the specifications of payments and set-off filed by the defendants the item "amount overpaid on building fund $33.04." For the suit, as the notice of the plaintiff shows, was brought for the breach by the sheriff of his bond in the performance of his duty in reference to the teachers fund; and this special plea was objectionable, because it sets up as a defence money, which the sheriff had paid out of the building fund, and under this statute such payment would be no defence to the plaintiff's demand in this suit. If the sheriff had overpaid any amount on the building fund, he did so in his own wrong, as the statute above quoted shows, that our law is intended strictly to forbid the building fund to be in debt at the end of any year, July 1st of each year, and if it is by virtue of overpayment being made by the sheriff, though such payments are made under regular orders of such board of education, they are forbidden to give him any credit for such overpayments in his settlement with them. In this case, if the sheriff has, as he claims, overpaid money out of the building fund beyond what he had, when his resignation of sheriff

took effect, he must lose it as neither he nor his sureties are entitled to credit therefor.

As an ex-sheriff has no authority to pay over to his successor any funds in his hands belonging to the board of education of any particular district without their direction or without their consent given either before or after such payment, if a sheriff should resign during his term of office, and the county court should appoint some other person to fill the vacancy in the office to the next general election, such sheriff so resigning would of course have no authority to pay over to such successor any funds in his hands belonging to a board of education, except when he would have authority to pay over such funds to his successor, had he served out his full term, that is, by the direction or with the consent of the board of education given either before or after such payment.

We might infer this to be the law from the Acts of 1877 ch. 97 Addenda to Warth's Code No. 39, p. 908. This Act makes provision for the collection of all sorts of taxes including school-taxes, that may be in the hands of the sheriff, when he resigns, by his successor and directs, that the sheriff, who has resigned, shall be credited with the amount of such taxes turned over to his successor, who with his securities shall be bound for the collection according to law of such taxes, but authorizing him to decline receiving tax-bills, which can not through the neglect of this resigning sheriff be distrained for. He is by this law authorized to receive school-taxes uncollected and the resigning sheriff is authorized to turn over school-tax-tickets uncollected without the direction or consent of boards of education. But no authority is conferred by this law for the resigning sheriff as a matter of right without the consent of such boards of education to turn over to such successor any money collected by him on school-taxes or any other money in his hands; nor is any authority conferred on the person appointed sheriff as a matter of right to receive any such money. This, it seems to me, shows, that he has no authority to receive such money as a matter of right without the consent of the board of education. But when the consent of board of education is given either before or after, he may legally receive such money, and if he receives it in this manner, his sureties will be responsible for

his accounting for it properly. But they can not be held responsible for any money which he has received from the resigning sheriff without the consent given either before or after by the board of education. The sureties of the resigning sheriff will remain responsible for his properly accounting for such school-funds, just as though he had not illegally and without authority paid them over to his successor.

The county court might instead of appointing some other person to fill a vacancy caused by the resignation of the sheriff appoint to fill such vacancy the person, who had resigned the office; and he might be required to give all the bonds, that any other person so appointed would be required to give. It is certainly singular for a sheriff to resign and be appointed to fill the vacancy created by his own resignation. Still it may be legally done; and it was done in this case. This ex-sheriff in such a case, it seems to me, might be ordered by such board of education to pay over any money in his hands to himself as his own successor. But whether such an order would operate to charge him and his sureties in his new bond as sheriff with the responsibility and release him and his sureties in the bond, which he first gave as sheriff, from the responsibility of accounting for such funds so ordered to be paid over, would depend on circumstances. In the first place he must elect to hold the funds in his hands due the board of supervisors in his capacity of sheriff appointed to fill such vacancy, and he must manifest this election by some act, declaration or assumption. This election would be clearly manifested by charging himself with this fund in his first annual settlement, which he might make with the board as sheriff appointed to fill this vacancy. But he can not make such election, if he is insolvent at the time he makes it, that is, at the time he makes such settlement. It is a fund, which he holds in a fiduciary character, and the election is, that he will hold the fund in another fiduciary character. He has given a bond with securities for the faithful performance of his duties and for accounting for this money in his first fiduciary character and also another bond with different securities for the faithful performance of his duty and accounting for the money, which may

come into his hands as such fiduciary. Now a fiduciary can not transfer his mere indebtedness in one capacity to himself in another capacity, so as to exonerate his securities in the one and throw the burden upon his securities in the other. To make the transfer valid it must consist of something more than a naked liability : it must be substantial assets, if made by an insolvent fiduciary. (*Smith* v. *Gregory,* 26 Gratt. 248 ; *Phillips* v. *Manning,* 14 Eng. Ch'y. R. 309, 315). But if the fiduciary is solvent and able to pay over the funds, all that is necessary is for him, when he is ordered to pay it over, or when the law would authorize him to pay it over to a third person holding the other fiduciary character, to make his election and manifest it by some act, direction or admission. (*Swope* v. *Chambers,* 2 Gratt. 319 ; *Meyers* v. *Wade,* 6 Rand. 444 ; *Broadus* v. *Rosson,* 3 Leigh 12 ; *Morrow* v. *Peyton,* 8 Leigh 54 ; *Pifer's Estate,* 15 Pa. St. 533, *Gottsberger* v. *Taylor,* 19 N. Y. 150 ; *Pratt* v. *Northum et. al.,* 5 Mason 108).

These principles were laid down by our Court after careful consideration in *Gilmer* v. *Baker,* 24 W. Va. 92; and they are laid down as principles decided in that case in the 5th and 6th points of the syllabus, see pages 72 and 73. Now the case, we have seen, would not be varied, if instead of the board of education of a particular district ordering the ex-sheriff to pay over the funds in his hands belonging to them to himself as sheriff appointed to fill such vacancy, he had without such order elected to so pay over this fund, and the board of education in its first annual settlement with him as such sheriff appointed to fill such vacancy had charged him with the fund belonging to them as ex-sheriff with his assent. In such case just as in this case, when they had made an order directing him to pay over the fund in his hands as ex-sheriff to himself as sheriff appointed to fill such vacancy, this settlement would, if he were solvent, when it was made, shift the responsibility for accounting for such funds from his sureties as ex-sheriff to his sureties as sheriff to fill such vacancy ; but if he were insolvent, when he made such settlement with the board of education, it would not operate to shift this responsibility from the first to the second set of sureties. The first set, if he were in-

solvent, when such settlement was made, would not thereby be released from the responsibility for the accounting for this fund, nor the second set be charged with this responsibility.

Applying these principles to the case before us, as it is now presented by the record, though it may be entirely changed, when this case is again submitted to a jury, the securities of A. Cain in his bond in the penalty of $10,000.00, on which this is brought, are chargeable, unless it has been accounted for, with the $646.78, the balance due on the last settlement with A. Cain, sheriff of Roane county, made prior to his resignation as sheriff, and before he was appointed the sheriff to fill the vacancy caused by his own resignation, and before the date of his official bond sued upon ; as that amount $646.78 was with his consent in the first settlement, which he made after he qualified as sheriff to fill such vacancy, charged by the board of education of Spencer district as the amount in his hands from this last settlement and, when he resigned his office of sheriff, belonging to said board of education. But if the defendants can show, which they have not attempted to do, so far as this record now shows, that A. Cain was insolvent on June 30, 1882, when he made this settlement with this board of education, and the burden of showing his insolvency is with them, then these sureties in his new bond, the defendants in this suit, can not be charged with this $646.78 or with any balance, which was in the hands of A. Cain, when his resignation of sheriff took effect. This balance in his hands from the last year, when he was sheriff for the full term, and with which he is charged in the first settlement with him made by the county court by the commissioners, was in this settlement charged as $945.78, or nearly $300.00 more than the charge in the settlement made by the board of education of Spencer district, on which this settlement with the county court was based, as the balance in his hands from the preceding year, when he was sheriff for the full term, it being before his resignation.

But the action of the county court of Roane in affirming this report of these commissioners and having their settlement recorded can not relieve his prior sureties or charge the second set of sureties, the defendants in this suit, with this $300.00, as they can not be charged with any money, which

came into the hands of their principal, the sheriff, belonging to the board of education of Spencer district, before the bond, which these defendants signed as his sureties, was executed, unless both A. Cain, the sheriff, and said board of education consented to its being charged in this settlement made, after he had been appointed sheriff to fill the vacancy caused by his resignation. The record, as now presented, shows, that this board of education only consented to his being charged with $646.78, and without their consent in this settlement he could be charged with only $646.78, though the commissioners of the county court in making this settlement in charging him with this $646.78 should have stated, that the entire balance due from him for the last year was $945.78, but that they only charged against him of this balance $646.78, as this was all that the board of education of Spencer district had consented should be charged in this settlement of the actual balance due on the last settlement.

If the defendants can, when this case is remanded to the circuit court of Roane and is again tried before a jury, show, that on June 30, 1882, when this settlement was made with board of education of Spencer district, A. Cain was insolvent, then they can not be charged with any part of this item of "balance from last year $945.78." But to exempt them entirely from being charged with any part of this balance from last year they may prove the insolvency of A. Cain on June 30, 1882, the burden of proving this insolvency being on them, the presumption being, that he was then solvent, if the contrary is not proven. This is shown by the case of *Gilmer* v. *Baker*, 24 W. Va. 92. There was no proof of Berry's solvency in that case; it was presumed that he was solvent in 1845, when the fund in controversy was transferred from him in one fiduciary capacity to him in another fiduciary capacity, though he was insolvent twenty four years afterwards.

On these principles it is obvious, that both the instructions given by the circuit court to the jury at the instance of the defendants and excepted to by the plaintiff, and which are copied in the statement of this case, were erroneous; and as they were excepted to by the plaintiff and obviously influenced the jury to his prejudice, their verdict being for

a less amount than on the evidence before the jury the plaintiff was entitled to, and as the plaintiff asked to have this verdict set aside and a new trial awarded, which the court refused, and he excepted thereto, the judgment of the circuit court entered on this verdict rendered December the 8th, 1885, must be set aside, reversed and annulled; and the plaintiff in error must recover of the defendants in error his costs in this Court expended, and this Court proceeding to render such judgment as the circuit court should have rendered doth set aside the verdict of the jury and award to the plaintiff a new trial, the cost of the former trial to abide the result of this suit; and this cause is remanded to the circuit court of Roane with instructions to strike out the special plea marked plea No. 1 and also to strike out of the defendants' specification of payments and sets-off the item "amount overpaid on building fund $33.04," and otherwise to proceed with this case according to the principles laid down in this opinion and further according to the principles governing common law courts.

REVERSED.   REMANDED.