In the Matter of the Judicial Settlement of the Estate of MARY E. HOLMES, Deceased. (No. 2.)

WILLIAM S. HOLMES, as Executor, etc., of MARY E. HOLMES, Deceased, Appellant; MINNIE I. BURNAP, General Guardian of INEZ BURNAP, JOHN BURNAP and NINA BURNAP, and Others, Respondents.

*Contempt of a surrogate's decree directing an executor to pay money — punishable as a criminal contempt.*

Since the enactment of section 2555 of the Code of Civil Procedure the disobedience by an executor of a surrogate's decree, directing the payment by him of money generally and not out of a specific fund, may be punished as a criminal contempt.

APPEAL by William S. Holmes, as executor, etc., of Mary E. Holmes, deceased, from an order of the Surrogate's Court of the county of Chenango, entered in said Surrogate's Court on the 13th

day of June, 1902, adjudging the said William S. Holmes guilty of contempt, fining him $1,794.30 therefor, and ordering his imprisonment until the payment of such fine.

*Edmund B. Jenks*, for the appellant.

*Nelson P. Bonney*, respondent, in person.

*E. E. Mellon*, for the respondents John D. Gutches and others.

CHESTER, J.:

By the final decree in this matter the appellant, as executor of the last will of his wife, Mary E. Holmes, was directed to pay several legatees under such will various sums amounting in the aggregate to $1,794.30. Upon his failing to comply with such direction the order appealed from was made. Upon the rendition of such final decree this appellant also appealed therefrom to this court and gave the undertaking for costs required by section 2577 of the Code of Civil Procedure to perfect the appeal, but he did not give the undertaking required by section 2578 of such Code for staying the execution of the decree. The respondents were, therefore, at liberty to proceed with its enforcement the same as if it had not been appealed from, and they were not limited to enforcing it by execution. It is true that under the former statutes disobedience by an executor to a surrogate's decree directing the payment by him of money generally and not out of a specific fund could not be punished as a criminal contempt. (*Matter of Watson* v. *Nelson*, 69 N. Y. 536.) But since the enactment of section 2555 of the Code of Civil Procedure in 1880 (Laws of 1880, chap. 178) the rule is changed. That section provides that " a decree of a Surrogate's Court directing the payment of money  *  *  *  may be enforced by serving a certified copy thereof upon the party against whom it is rendered  *  *  *  and if he refuses or wilfully neglects to obey it, by punishing him for a contempt of court  *  *  *  where the delinquent is an executor  *  *  *  and the decree relates to the fund or estate, in which case the surrogate may enforce the decree as prescribed in this section, either without issuing an execution, or after the return of an execution, as he thinks proper."

The record shows that the case is clearly within the provision of

this section, and, therefore, that the Surrogate's Court properly made the order punishing the executor as for a contempt of court, and fining him therefor the amount of the legacies which he had been directed to pay. (*Matter of Snyder*, 103 N. Y. 178.)

The order appealed from should be affirmed, with costs.

Order unanimously affirmed, with ten dollars costs and disbursements.