Under Code Civ. Proc. § 2714, an executor is chargeable with any debt which the testator has against him, and is liable for the same as so much money in his hands at the time.

2. SAME—ENFORCEMENT.

     Under Code Civ. Proc. § 2555, where a decree has charged the executor with a debt due the estate, his failure to comply with the decree is punishable with fine and imprisonment.

In the matter of the estate of Adelaide David, deceased. Application to punish the executor for contempt.

J. Sabine Smith, for petitioner.

Dulon & Roe, for executor.

THOMAS, S. An executor is properly chargeable with any just debt which the testator had against him, and he is liable for the same as for so much money in his hands at the time the debt or demand becomes due, and he must apply and distribute the same in the payment of debts and legacies, and among the next of kin, as part of the personal property of the deceased. Code Civ. Proc. § 2714. This liability of the indebted executor is not for all purposes the same as if he had actually received so much money, and if he was at all times, from and after the time when he qualified as executor, insolvent, and unable to pay the debt. He cannot be punished as for contempt for his refusal to pay and distribute such sum of money because of such insolvency. Baucus v. Stover, 89 N. Y. 1; Matter of Ockershausen, 59 Hun, 200, 13 N. Y. Supp. 396; Joel v. Ritterman, 5 Redf. Sur. 136. In such a case—that is, where total insolvency existed during all of the time while he was an executor—no recovery can be had against his sureties for his failure to apply the amount of his debt as directed by the decree. Baucus v. Barr, 45 Hun, 582, affirmed 107 N. Y. 624, 13 N. E. 939. The principle of these decisions is that an executor is not required to be solvent; that it is sufficient if he shall be honest and diligent, and that the debt due from him to the estate of his testator is to be treated as an asset,

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. §§ 302, 393.

the value of which is to be measured, like any similar asset, by its collectibility. Therefore, where it appeared that an executor was insolvent when appointed, but afterwards became, and for a time continued to be, solvent, it was determined that he was properly chargeable with the amount of his debt to the testator as an asset in his hands to be distributed, and that his sureties were liable for his default. Keegan v. Smith, 60 App. Div. 168, 70 N. Y. Supp. 260, affirmed 172 N. Y. 624, 65 N. E. 1118. In the present case it was shown that the executor was for years, and up to and after the time of his filing the account, solvent, and fully able to pay the debt owing by him to the testatrix, and if it was not paid by him as an individual to himself as an executor, it was because he violated a plain duty. If the debt had been due from a solvent stranger, and he, with knowledge of the facts, had omitted to take any steps for its collection, and a loss had resulted, he would have been chargeable with its amount because of his violation of duty, on well-recognized principles. The question as to whether he should be charged with his debt as a worthless asset or at its full amount was raised before the making of the decree upon his accounting, and was disposed of after full hearing and argument, and the decree thus made is, until revoked, "conclusive evidence that there are sufficient assets in his hands to satisfy the sum which the decree directs him to pay." Code Civ. Proc. § 2552. The power of the surrogate to inflict a fine, and punish the executor by imprisonment for a contempt for his disobedience of the decree is fully established. Code Civ. Proc. § 2555; Matter of Snyder, 34 Hun, 302, affirmed 103 N. Y. 178, 8 N. E. 479; Matter of Holmes, 79 App. Div. 267, 79 N. Y. Supp. 687, affirmed 176 N. Y. 604, 68 N. E. 1118. The remedy was invoked and approved in a case where an executor transferred a specific legacy made to him, to the prejudice of creditors. Matter of Pye, 18 App. Div. 306, 46 N. Y. Supp. 350, affirmed 154 N. Y. 773, 49 N. E. 1103. It is true that the surrogate may, in a proper case, refuse to award this remedy (Matter of Battle, 5 Dem. Sur. 447), and that it should not be used for mere purposes of oppression, contrary to the spirit of our laws on the subject of imprisonment for debt; but I find nothing in the facts which would make leniency permissible. The entire procedure of the executor suggests a long-continued and willful purpose to defraud his brother, and he has put at least a part of the property which should have been used to satisfy the claims upon him due to the estate of his mother into the hands of his wife.

The application to punish for contempt is granted.

Application granted.