(72 Misc. Rep. 427.)

PEOPLE ex rel. DEAN v. MARKELL.

(Supreme Court, Special Term, Onondaga County. June, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 312*)—FAILURE TO PAY OVER ESTATE—CONTEMPT—PUNISHMENT.

An executrix was found guilty of contempt in failing to pay over a certain sum belonging to the estate, and was committed to the county jail until she should pay the same. Judiciary Law (Consol. Laws 1909, c. 30) § 774, provides that, where the misconduct proved consists of an omission to perform an act which is within the power of the offender to perform, he should be imprisoned only until he performs it, and in other cases may be imprisoned for a reasonable time, not exceeding six months, until the fine, if any, is paid. *Held*, that the act which the executrix had failed to perform was one which in the legal sense it was ʼin her

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

power to perform, though she might be unable to pay over the trust fund, because she had squandered and embezzled the same.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 312.*]

2. HABEAS CORPUS (§ 22*)—GROUNDS—INABILITY TO COMPLY WITH ORDER.

Under Judiciary Law (Consol. Laws 1909, c. 30) § 775, authorizing the release of an offender imprisoned for contempt, who is unable to endure the punishment or to perform the duty required, the application for discharge on such grounds should be made by motion, and is not properly before the court in proceedings for writ of habeas corpus to test the legality of the commitment.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 22.*]

Application by the People, on the relation of Mary J. Dean, for a writ of habeas corpus to John S. Markell. Denied.

William Kennedy, for relator.

Hitchcock & Murphy, for respondent.

ANDREWS, J. Mary J. Dean was executrix of the last will and testament of one Frank Jones, deceased. The letters testamentary issued to her were thereafter revoked by the surrogate of Onondaga county. An accounting of her conduct as executrix was then had, and it was found that she had in her hands $7,547.74 belonging to the estate, and she was directed to pay that sum, upon demand, to her successor in office. She failed to do so, and an application was made to the Surrogate's Court to punish her for contempt because of such failure. A hearing was had, and, on October 25, 1910, she was adjudged guilty of contempt of court in having willfully disobeyed the decree thereof and having failed to pay over the said sum of $7,547.74. It was further adjudged that such misconduct was calculated to and actually did defeat, impair, impede, and prejudice the rights and remedies of her successor, and she was fined the sum mentioned and ordered committed to the Onondaga county jail, to be there detained until she should pay the same, or should be discharged according to law. In the brief submitted on her behalf the relator says:

"We do not claim that the facts before the surrogate did not justify the decree, and it is not attempted in this proceeding to review the fact passed upon by the surrogate."

The only claim of the relator is, therefore, that she should be discharged for two reasons: First, because six months have expired since her commitment; and second, because the affidavits produced upon this motion show that she is unable to comply with the order requiring her to make the payment mentioned.

[1] Mrs. Dean is imprisoned by virtue of section 774 of the judiciary law. This section provides that:

"Where the misconduct proved consists of an omission to perform an act or duty, which it is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine imposed. In such a case, the order, and the warrant of commitment, if one is issued, must specify the act or duty to be performed, and the sum to be paid. In every other case, where special provision is not otherwise made by law, the offender may be imprisoned for a reasonable time, not exceeding six months,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and until the fine, if any, is paid; and the order, and the warrant of commitment, if any, must specify the amount of the fine, and the duration of the imprisonment."

In Mrs. Dean's case the misconduct proved against her consisted of the omission to perform an act or duty which it specified with sufficient clearness and directed her discharge upon compliance with the order. The act was one which in a legal sense it was in her power to perform. That as a matter of fact she may be unable to pay over the trust fund, because she has embezzled and squandered it, is immaterial. That kind of inability is not the lack of power to do the act directed to be done which the law contemplates. People ex rel. Lawyers' Surety Co. v. Anthony, 7 App. Div. 132, 40 N. Y. Supp. 279; Matter of Snyder, 34 Hun, 302; Matter of Holmes, 79 App. Div. 267, 79 N. Y. Supp. 592; Matter of Waring, 1 App. Div. 29, 36 N. Y. Supp. 529. Section 11 of the Code of Civil Procedure has no application to such a case as the present.

[2] As for the claim that the papers show Mrs. Dean's inability to pay the amount, did the discretion rest with me, I should hesitate to discharge her under the circumstances. But the application for the discharge upon this ground must be made under section 775 of the judiciary law. It is as follows:

"Where an offender, imprisoned as prescribed in this article, is unable to endure the imprisonment, or to pay the sum, or perform the act or duty, required to be performed, in order to entitle him to be released, the court, judge or referee, or, where the commitment was made as prescribed in section twenty-four hundred and fifty-seven of the Code of Civil Procedure, the court, out of which the execution was issued, may, in its or his discretion, and upon such terms as justice requires, make an order, directing him to be discharged from the imprisonment."

An application for discharge under this section does not properly come before the court in proceedings for a writ of habeas corpus, which are intended simply to test the legality of the relator's confinement. The question must be raised by motion, and that motion should be made in the court or before the judge issuing the original order for the relator's commitment.

The application for the discharge of the relator must be denied, the writ of habeas corpus dismissed, and the relator must be remanded to the custody of the jailer of the county of Onondaga.

Ordered accordingly.