John D. Bennett, S.
The administratrix c. t. a. and the special guardian object to the accounting* of the executor and request that an indebtedness of the executor to the decedent be charged as moneys received by the executor for distribution pursuant to section 203 of the Surrogate’s Court Act.
On the hearing of these objections the executor sought to establish that at the time he qualified as executor he was insolvent and therefore unable to pay his indebtedness. The administratrix c. t. a. and the special guardian objected to such testimony on the grounds of immateriality, contending that the executor and his surety are chargeable with all sums due from himself as an individual to himself as executor, regardless of his ability to pay. Section 203 of the Surrogate’s Court Act provides: ‘ The naming of a person executor in a will does not operate as a discharge or bequest of any just claim due or to become due which the testator had against him; but it must be included among the credits and effects of the deceased in the inventory, and the executor shall be liable for the same as for so much money in his hands at the time the debt or demand becomes due, and he must apply and distribute the same in the payment of debts and legacies, and among the next of kin as part of the personal property of the deceased.”
Matter of Martiniano (172 Misc. 376, 377) said regarding section 203: This has been the law in substance since the days of the Revised Statutes (R. S. pt. 2, chap. 6, tit. 3, § 13 [2 R. S. 84]) and has continuously been applied during the intervening one hundred and eleven years. (Baucus v. Stover, 89 N. Y. 1, 4; Matter of Ablowich, 118 App. Div. 626, 631; Matter of Phetteplace, 6 N. Y. Supp. [2d] 845, 849, not otherwise reported.) ”
It has been a long-established rule that an executor is required to account for a debt due from him to the estate and that, upon his application, he is chargeable in the account with the amount of his indebtedness regardless of his solvency (3 Warren’s Heaton on Surrogates’ Courts [6th ed.], § 226, par. 3). In Baucus v. Stover (supra, p. 4) the New York Court of Appeals held that the Surrogate was in error in ruling that an executor was not liable to account for an indebtedness owed by him to the estate because he was insolvent at the time of the death of his creditor. The court stated: “ It was the obvious purpose of the statute not only to save the executor’s debt from extinguishment, but, in order to obviate all difficulty, doubt and embarrassment, to cause it to be regarded as money in his hands. Such is the plain reading of the statute. The language is free from doubt and ambiguity, and needs no construction or *706 interpretation. If it had been intended simply that the debt should be placed upon the footing of any other debt due the deceased and merely to save it, for what it was worth, from extinguishment the section could have stopped at the word ‘ inventory, ’ and the balance thereof would have been without any purpose or meaning. But it goes further; it not only provides that the debt shall not be discharged and shall be included in the inventory, but it also provides that the debtor executor shall be liable for the debt as for so much money; and not only that, but that he shall apply and distribute the money in the payment of debts and legacies and among the next of kin. We perceive no room for doubt; the statute says the debt shall be treated as money, and the courts have no right to say it shall not be so treated.”
The Court of Appeals in the Baucus case (supra, p. 5) pointed out, however, that while the debt of the executor “ must be treated as money in his hands for the purpose of administration it will not for all purposes stand on the same footing as if he had actually received so much money ’ ’. If, because of insolvency, the executor could not pay the money to the estate he cannot be punished for contempt nor charged with any crime such as embezzlement, even though he is charged in the administration with having received such moneys.
It is the conclusion of this court that for the purposes of accounting, the indebtedness of the executor is chargeable as moneys in his possession as executor, pursuant to section 203 of the Surrogate’s Court Act (see, also, Matter of Matheron, 207 Misc. 1061, 1066) and that his inability to pay such indebtedness is immaterial in this respect. The decree, however, which charges the executor with the amount of his debt as moneys received by him for the purpose of administration, should state such charge separately, so as to protect him against consequences not intended by section 203 of the Surrogate’s Court Act (see Baucus v. Stover, supra, p. 4).
The liability of the executor’s surety is a separate question. The Court of Appeals in Baucus v. Stover (supra) expressly stated that it was not determining the question whether an executor’s surety could be held for his debt where in fact the executor, because of insolvency, was unable to pay that debt. Subsequent to this decision, however, an action was instituted against the surety based upon the decree of the court charging the executor with the amount of his indebtedness. The court in Baucus v. Barr (45 Hun 582, affd. 107 N. Y. 624) held that the surety will not be liable for the debts of the executor if, at the time of his qualification, he was unable to pay the same *707 because of insolvency. The court stated:- “The injustice of holding the sureties liable in this case is obvious and serious, and it should not be permitted save under the pressure of absolute necessity. * * * We are of the opinion that the provision of the statute declaring that a debt due from an executor to the estate shall be treated, in the rendering of his account, as money in hand, must be construed with reference to the ordinary obligation, which imposed on him only diligent, faithful, honest action touching the administration of the estate committed to his charge. The Court of Appeals so held in effect by declaring that disobedience to the surrogate’s decree to the extent of his (Barr’s) own debt, would not here put him in contempt, or create against him a case of embezzlement. His sureties did not, by their bond, guaranty the payment of his debt to the estate, but only guaranteed obedience by the executors to all orders of the surrogate touching the administration of the estate committed to them ’.” (Pp. 586-587.)
If the executor could not pay his debt at the time of the decedent’s death because of insolvency, and could not pay it at any time during the administration of the estate, his surety will not be liable for such default, even though the executor is charged with the amount of his debt as moneys received by him as executor. The reason for this rule is that the obligation of the surety is based upon the negligence or wrongdoing of the executor (cf. Matter of Auditore, 249 N. Y. 335). However, if the surety seeks to avoid liability on the ground of the insolvency of the executor, the obligation and burden of proof is upon the surety to establish as a matter of fact that the executor was not guilty of default and he could not pay the debt because of insolvency. The Appellate Division, First Department, in Keegan v. Smith (60 App. Div. 168, 171-172) summarized these principles in the following language: ‘ ‘ The result of the cases is that although the surrogate is bound to charge the administrator with whatever debt is due from him to the intestate as so much money in his hands for distribution, yet when the sureties are sought to be made liable for his falure to pay the money, they are at liberty to show that he was unable to pay it, and thereby excuse his failure to obey the decree of the surrogate. But it is quite clear from the reading of the opinions in that case that not only is the administrator presumptively liable for the debt due from him as for so much money in his hands, but that the surety can only release himself from the liability imposed upon him for the default of the administrator, by showing that as a matter of fact the administrator was not able to pay, and so was not guilty of a default. *708 The burden of the proof is upon the person asserting the inability to pay.
‘‘ When, therefore, an action is brought against a surety upon his bond after the return of an execution unsatisfied, all that it is necessary for the plaintiff to do is to prove the decree of the surrogate in the proper way and the other essentials necessary to charge the surety, and if the surety seeks to relieve himself from the liability which is prima facie imposed upon him, the duty is upon him to show that although presumptively the administrator is chargeable with the debts as for so much money in his hands, and has been so charged in the decree, yet, as a matter of fact, he cannot pay it and he is not guilty of a default, and that, therefore, the surety is not liable.”
The Court of Appeals in Joseph v. Herzig (198 N. Y. 456, 462) concisely summarized the rule. In determining that a Surrogate’s decree constituted a conclusive adjudication as to a representative’s debt required to be listed in the account, the court went on to say: “ As the executor or administrator is to account in the Surrogate’s Court for the debt as an asset of the estate, it is apparent that the amount of the debt, if in dispute, must necessarily be adjudicated by the surrogate, and it seems that the decree of the surrogate is conclusive against the surety, unless he shows that the administrator was insolvent or unable to pay. (Keegan v. Smith, 60 App. Div. 168; affd., 172 N. Y. 624.) ”
The New York rule is the majority ruling in the United States. “ The more favored rule in America seems to be that the bond of an administrator or executor covers a personal debt owed by the principal to the decedent only to the extent that it binds bim to a faithful performance of his duties as administrator; that is, he must exercise due diligence and honesty in the collection of debts, including a debt owed by himself, and the sureties are liable for his failure to do so. But where it appears that the debtor-representative is unable to pay, the debt becomes uncollectable, and the sureties on the bond are not liable therefor.” (8 A. L. R. 84, citing these New York cases: Gottsberger v. Smith, 5 Duer 566, affd. sub nom. Gottsberger v. Taylor, 19 N. Y. 150; Baucus v. Barr, 45 Hun 582, affd. 107 N. Y. 624; Keegan v. Smith, 60 App. Div. 168, affd. 172 N. Y. 624; Matter of David, 44 Misc. 337; Baucus v. Stover, 89 N. Y. 1; cf. “ Massachusetts rule ” 8 A. L. R. 92 and “ California rule ” 8 A. L. R. 96.)
The precise issue before the court in this proceeding pertains to the materiality of the alleged insolvency of the executor in respect to charging him with the amount of his indebtedness *709 to the estate as moneys received. The testimony relating to the ability of the executor to pay his indebtedness (in this respect only) is immaterial and the motion of the administratrix c. t. a. and the special guardian to exclude such testimony is granted. The liability of the surety, however, is not directly in issue. The surety is not precluded from introducing evidence relating to the insolvency of the executor if, in a subsequent proceeding, its liability is sought to be established on its bond.