OPINION OF THE COURT
Arnold F. Ciaccio, S.
This is a motion pursuant to CPLR 3211 (b) which seeks an order dismissing the respondent’s affirmative defense of the Statute of Limitations in a proceeding that seeks to recover from the respondent various debts claimed to be owing to the estate of Joseph Vergo.
The petitioner is the administrator c. t. a. who was appointed as such to replace the prior coexecutors on the grounds of irreconcilable differences between them. The respondent is one of the previously removed coexecutors and *620 was a brother to the decedent. In previous court proceedings, particularly an order of this court dated July 24, 1985, the originally issued letters testamentary to the respondent Charles Vergo and his sister, Mary Kruppenbacher (also a sister of decedent), were revoked and the administrator c. t. a. appointed. The order also directed that the respondent Charles Vergo account to the administrator c. t. a. for the period of his stewardship.
The chief area of disagreement between the two coexecutors and the subject matter of the present dispute involves disagreements over the nature and extent of obligations owed the estate by the respondent Charles Vergo in the nature of several notes and a mortgage ostensibly attesting to loans made by the decedent to his brother over several years. Those obligations can best be summarized in the table below:
DOCUMENT TYPE DATE OF DOCUMENT a. Mortgage 1/3/67 b. I.O.U. 6/19/67 c. I.O.U. 7/29/75 & 1/27/76 d. I.O.U. 1/26/77 e. I.O.U. 5/24/77 f. I.O.U. 8/11/80 g-I.O.U. 8/13/81 h. I.O.U. 7/10/81
Appropriately enough, the court-appointed administrator c. t. a. has sought in this proceeding to recover the foregoing obligations for and on behalf of the estate. The petition for that purpose was filed on July 17, 1986 and amended on September 2, 1986. In response to that petition for the recovery of the items enumerated, the respondent Vergo made a motion for summary judgment seeking dismissal of the application on the basis of the Statute of Limitations and on the basis of lack of jurisdiction as to personal service on the respondent.
On the return of that motion and in open court, the parties agreed that items b, c, d and e were no longer the subject of any dispute, and the claim therefore was withdrawn by the estate. It was conceded that those notes bearing dates from 1967 to 1977 were clearly barred by reason of the applicable Statute of Limitations. There remained for determination in the proceeding items a, f, g and h.
In response to the motion for summary judgment and other relief, this court determined in a written decision dated No *621 vember 7, 1986, that it had obtained jurisdiction by reason of appropriate service on counsel for the respondent. In addition, it denied the application for summary judgment determining that various issues of fact with respect to tolling, various obligation dates, as well as commencement of the action issues remained to be determined.
In an appeal taken from the order issued as a result of that court decision, the Appellate Division of Supreme Court in and for the Fourth Department did determine that this court did not obtain personal jurisdiction over the respondent Vergo and consequently dismissed the petition. It specifically concluded in its decision that "we pass on no other issues” (Lamb v Vergo, 133 AD2d 514 [emphasis supplied]).
Accordingly, the Appellate Division did not address the requested relief regarding the Statute of Limitations nor the standing of Mary Kruppenbacher as an interested party.
Upon the dismissal by the Appellate Division of the initial petition seeking relief for the estate, the matter was reintroduced by the filing of a new petition on February 18, 1987. This time personal service of the citation was made upon the respondent Charles Vergo. His answer was served March 5, 1987 and the court before it now has once again the estate’s motion to dismiss the affirmative defenses of the Statute of Limitations. By way of cross motion, the respondent Vergo claims that the entire proceeding ought be dismissed on the basis of the Appellate Division findings. With this the court clearly does not agree and proceeds to determine the issues thusly presented.
It is asserted by respondent Vergo that the new cause of action commenced in February of 1987 cannot recover on the obligation denominated as "f” since the six-year period of limitations has run. The estate argues that as to "f” that the statute has been tolled during the period from March 28, 1984 to July 24, 1985 when and during the time that Charles Vergo the respondent acted as coexecutor of the estate. As to items a, g and h, there is no assertion of the Statute of Limitations as they are all three clearly within the time parameters within which the estate’s claim may be enforced.
From a subject matter standpoint (although the issue is not raised by either of the parties) the court is satisfied that it obtains its jurisdiction in these matters from historical transformation of SCPA 2103 as expanded in Matter of Piccione (57 NY2d 278; see also, the rationale set forth in Estate of Kestenbaum, NYLJ, Apr. 2, 1986, at 16, col 2).
*622 On the single issue remaining for determination, i.e., whether or not the Statute of Limitations on item "f ’ is tolled by virtue of the fact that the obligor respondent was a fiduciary of the estate which was owed the obligation, the court agrees with petitioner’s contention and does toll the statute. (See, Baucus v Stover, 89 NY 1; Matter of Shaefitz, 6 Misc 2d 704.) Clearly enough, the failure of a fiduciary to collect debts owed to the estate should not and cannot work to his advantage so as to permit time to lapse and a Statute of Limitations to bar such a claim. EPTL 13-1.2 sets forth and is explicit in stating that the designation by will of a person as executor does not operate as a discharge or other disposition of any claim which the testator had against him (executor). It goes on to state that "such claim must be included as an asset of the estate.” The section does not prohibit the respondent Vergo from asserting the defense of gifts or other defenses that he might have. Assertion by him as a former fiduciary of the defense of the Statute of Limitations however is untenable.
In summary, with respect to the tabled items set forth above, it has been determined and is now ratified that items b, c, d and e have been and are stricken as items of recovery by the estate. Their recovery is barred by the appropriate Statute of Limitations. The court grants the application to strike respondent’s affirmative defense of the Statute of Limitations as respects item f. Accordingly, items a, f, g and h remain to be determined on their merits. The cross motion of respondent is dismissed in its entirety, with costs to the estate. The parties are directed to schedule and conduct a hearing on those remaining issues on or before March 1, 1988.