In the Matter of the Judicial Settlement of the Accounts of WILLIAM H. SNYDER, as Executor, etc.

*It seems* that in proceedings under the Code of Civil Procedure (§ 2555), to punish an executor for contempt in neglecting to obey a surrogate's decree directing the payment of moneys in his hands as executor, the investigation may properly be limited to the questions as to the service of the decree and the neglect constituting its violation.

Where in such proceedings the neglect charged was not denied by the executor, but he presented his own affidavits, admitting a conversion by him of the funds of the estate in his hands to his own private business, the transfer of his business and stock in trade and real estate to his wife in payment of an antecedent debt followed by no apparent change in possession or management, and averring in consequence of such transfer, insolvency and inability to comply with the decree. *Held*, that the surrogate was not necessarily concluded by these averments ; also that, granting the order punishing for the alleged contempt rested in discretion, it was not reviewable here, as it did not appear the discretion had been unfairly exercised.

(Argued June 11, 1886; decided October 5, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made November 18, 1884, which affirmed a decree of the surrogate of Rensselaer county adjudging the above-named William H. Snyder to be in and punishing him for contempt for refusing and willfully neglecting to obey a decree of said surrogate, which directed payment by him as therein specified of a sum in his hands as executor of the estate of Jabez Olmstead, deceased. (Reported below, 34 Hun, 302.)

The facts appear sufficiently in the opinion.

*James Lansing* for appellant. Statutes must be construed

prospectively only, unless the intention of the legislature to make them retrospective in their operation is very clearly and unequivocally expressed. (*Sanford* v. *Bennett*, 24 N. Y. 20 ; Code, § 3352; *People* v. *Supervisors, etc.*, 43 N. Y. 130 ; *People* v. *McCall*, 94 id. 587.)  Section 2555 of the Code of Procedure does not apply to an executor who fails to obey a decree because of inability. (Throop's Code, § 2555 ; Redfield's Law and Practice of Surrogates' Courts, 755.)  Within the spirit of the Code, and the plain intention of its framers, section 2555 does not apply to the case at bar.  (Throop's note preliminary to title 3 of chap. 17 ; 2 R. S. 221, § 6, subd. 4 ; *Watson* v. *Nelson*, 69 N. Y. 536 ; *People* v. *Cowles*, 3 Abb. Ct. App. Dec. 507 ; *Timpson's Estate*, 15 Abb. [N. S.] 230 ; *People* v. *Marshall*, 7 Abb. N. C. 380 ; *Doran* v. *Dempsey*. 1 Bradf. 490 ; *In re Latson*, 1 Duer, 696.)

*J. A. Cipperly*, for respondents.  Where, as in this case, the delinquent is an executor, and the decree relates to the fund or estate, it may be enforced by punishing him with or without issuing an execution, as the surrogate thinks proper. (Code, § 2555, subd. 4.)  This provision of the Code applies to all proceedings after September 1, 1880, and gives the surrogate power to enforce his decree by proceedings for contempt. (Code, § 3347, subd. 11; *In re Dissoway*, 91 N. Y. 235 ; *Woodhouse* v. *Woodhouse*, 5 Redf. 131 ; *Joel* v. *Ritterman*, id. 136 ; *Estate of Killenger*, 2 Civ. Pro. [McCarty] 68 ; Redf. Surr. Pr. 754, 775 ; Abbott's Ann. Dig., 1882–3, 85 ; The Surrogate's Court is a court of record (Code, § 2, subd. 20), and has the same power to punish for contempt as a court of record, and to require an executor, etc., to perform any duty imposed upon him by statute, or by the Surrogate's Court, under authority of a statute. (Code, § 2481.)  The decree directing payment by the executor, except upon an appeal therefrom, is conclusive evidence that there are sufficient assets in his hands to satisfy the sum which the decree directs him to pay. (Code, § 2552.) A surrogate's decree directing the payment of money may be

enforced by punishment as for contempt of court. (Code, § 2555.) The executor is presumed to have the trust funds in his possession or under his control, and the burden is upon him to satisfy the court that by some cause over which he had no control he has become unable to produce or replace them, and he is required, at least, to make a plain case of his reason why he fails to do so. (*Seaman* v. *Duryea*, 11 N. Y. 330.) Inability to perform the duty, if resulting from the act or omission of defendant himself, is not a defense. (7 Abb. Dig. 398; *Timpson's Estate*, 15 Abb. [N. S.] 230; *People, ex rel. Day,* v. *Bergen*, 15 Abb. Pr. [N. S.] 97; 53 N. Y. 404; *Joel* v. *Ritterman*, 5 Redf. 136; *Gillies* v. *Kreuder*, 1 Dem. 349; Redf. Surr. Pr. 755; *Watson* v. *Nelson*, 69 N Y. 537; *Baucus* v. *Stover*, 89 id. 1–5; *In re Dissoway*, 91 id. 235.) The exercise of the power given by section 2555 of the Code to the surrogate in certain cases to enforce decrees for the pay· ment of money is similar to the provision of section 1241 of the Code which gives the Supreme Court power to enforce judg· ments in certain cases by punishing for contempt of court, and is in the discretion of the court to which application is made, and that discretion, when exercised, is not reviewable on appeal. (*Cochrane* v. *Ingersoll*, 73 N. Y. 613; *Mount* v. *Mitchell*, 31 id. 356; *Gillies* v. *Kreuder*, 1 Dem. 349; Redf. Surr. Pr. 755; *Wetmore* v. *Porter*, 92 N. Y. 76.)

DANFORTH, J. The receipt of money by the executor in his official capacity — a judicial accounting, with a balance against him of $2,975.70, followed by a decree requiring pay· ment to those entitled to it, and an ineffectual attempt to en· force the decree by execution, are conceded facts. Upon a petition stating these things, and alleging that after demand made, the executor neglected and refused, " and now willfully neglects to obey the decree," he was, by order of the surrogate of Rensselaer county, required to show cause why he should not be punished for his alleged offense and contempt. In answer thereto, he made two affidavits, the averments of which the surrogate held insufficient, and imposing a fine to the extent of

the moneys unpaid by the executor ordered that he be imprisoned in the common jail of the county until the fine and the costs of the proceeding were paid.

The General Term have affirmed the order in face of the dissent of one of its number. I do not understand that the dissenting member of the court doubted the jurisdiction or power of the surrogate to make the order appealed from, but in view of the alleged insolvency of the executor, and his declaration of inability to pay, thought he ought not to be punished for not paying. The contempt charged was in violating the decree or order which directed payment, and the investigation before the surrogate might properly have been limited to the matter contained in it, *i. e.*, the service of the decree and the facts of the neglect constituting its violation. To those matters there was no answer. The truth of them was admitted, and the case clearly brought within the provision of section 2555 of the Code of Civil Procedure, under which the surrogate made the order in question.

The argument of the learned counsel for the appellant is placed upon the particular words of the affidavits of the executor. In effect they assert an early conversion of the trust funds to the exigency of private and individual business ; next the transfer of that business and his stock in trade and real estate to his wife, upon no present consideration, but in application upon an old debt, and followed by no apparent change in possession or management; then, in consequence of this transaction, insolvency and inability to comply with the decree.

The learned judge whose opinion prevailed at General Term has sufficiently pointed out that the surrogate was not necessarily concluded by these bald and uncorroborated assertions of the defaulting executor, and, as the question is not only one to be determined upon evidence, at least conflicting, but also rests in discretion, which has not been unfairly exercised, we find no ground on which we can review his decision. (Code, § 1337 ; *Cochrane's Exr.* v. *Ingersoll*, 73 N. Y. 613.)

The appeal should, therefore, be dismissed.

All concur.

Appeal dismissed.