NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—May, 1887.

## MATTER OF BATTLE.

*In the matter of the estate of* ANTHONY BATTLE, *deceased.*

An application to a Surrogate's court, to imprison for contempt a party shown to have disobeyed its decree, made pursuant to Code Civ. Pro., § 2555, providing that a decree "*may* be enforced," in the cases there-

in specified, by punishing the delinquent for a contempt, is addressed to the discretion of the court.

Notwithstanding the declaration of Code Civ. Pro., § 2552, that a decree directing payment of money by an executor is conclusive evidence of the possession of assets sufficient to satisfy the sum specified, the court may by virtue of the authority implied in id., § 2286, which permits the discharge from imprisonment of one unable to perform the act or duty required, refuse to punish an executor for disobeying such a decree where it is shown that, in truth and fact, he has been, at all times since the entry thereof, utterly unable to comply with its directions.

ORDER to show cause why administratrix should not be punished for contempt in disobeying decree directing the payment of money.

BOORAEM & HAMILTON, *for the application.*

B. D. PENFIELD, *for administratrix.*

THE SURROGATE.—This respondent, Mary Battle, is the widow of the decedent and the administratrix of his estate. As such administratrix she filed an account in September, 1885, which was judicially settled by a decree of this court entered in July, 1886. By that decree she was ordered to make certain payments out of a balance of estate funds adjudged to be in her hands. This order she has not obeyed, and in behalf of six persons claiming to be aggrieved, to whom she was directed to pay in the aggregate the sum of $169.89, the Surrogate is asked to imprison her for contempt.

Affidavits have been filed by her counsel alleging that she is of the age of 55 years; that she is without means, and is largely dependent upon charity; that since the death of her husband in November, 1883, she has been almost totally blind; that before the entry of the decree of July, 1886, she had expended the small estate left by the decedent; that she was

driven to this course by dire want, and only pursued it upon promise of her brother—a promise which he has not fulfilled and has been unable to fulfil—that he would restore to her such sums as she might be compelled to use for her support.

The proceeding is brought under § 2555 of the Code of Civil Procedure. That section declares that a decree of a Surrogate's court "*may*" be enforced in the manner therein prescribed. The legislature has made use of this word "*may*" in providing by § 1241 for the enforcement of judgments.

It was held by our court of last resort upon appeal from the Supreme court in the Second Department in Cochran v. Ingersoll (72 *N. Y.*, 613) that an application under § 1241 to punish for contempt a person who had wilfully neglected or refused to comply with the direction of a judgment, was addressed to the discretion of the court in which such judgment had been recovered.

The Supreme court, at Special Term, having refused, in the case just cited, to enforce its judgment by imprisoning the judgment debtor, its action was sustained on appeal. DYKMAN, J., pronouncing the General Term opinion (13 *Hun*, 368), referred to the provisions of § 20, tit. 13, ch. 8, part 3, R. S. (3 Banks, 6th ed., 841)—to the effect that a court which had directed the imprisonment for contempt of one who had failed to comply with its judgment might relieve the delinquent upon ascertaining that compliance was impossible—and approved Surrogate BRADFORD's suggestion in Doran v. Dempsey (1 *Bradf.*, 490), that a state of facts which, pending one's imprisonment in

contempt proceedings, would justify his unqualified discharge, would equally have justified the denial of an application for his commitment, if it had been brought, at the presentation of such application, to the attention of the court.

This doctrine was reiterated in Parke v. Parke (18 *Hun*, 466); its correctness was subsequently questioned in Strobridge v. Strobridge (21 *Hun*, 288), but seems to have been squarely sustained by the Court of Appeals in Cochran v. Ingersoll (73 *N. Y., supra*).

The statute above cited is no longer in force, but its provisions have been substantially re-enacted in § 2286 of the Code of Civil Procedure. It seems to me, therefore, that when the Surrogate is asked to imprison for contempt one who is shown to have disobeyed a decree of his court, he is not bound to grant the application as of course, but should grant or deny it in his sound discretion. This discretion should never be exercised in favor of a delinquent executor or administrator, who has been directed to make payments from money previously adjudged to be in his hands, and who has disobeyed such direction, except under extraordinary circumstances. His mere inability to obey such direction at the time it is sought to enforce it should not suffice of itself to shield him from commitment—especially in cases where that inability has been occasioned by his dishonesty or his wilful misappropriation of the funds committed to his hands (Matter of Synder, 34 *Hun*, 302; aff'd, 103 *N. Y.*, 178).

There is, indeed, an intimation in the opinion of DANFORTH, J., in the case last cited, that when it has

been shown to the satisfaction of the Surrogate, in a contempt proceeding, that an executor or administrator who has been adjudged to have in his hands funds of his decedent's estate, has knowingly neglected to obey a decree for a payment out of such funds, the Surrogate may at that stage terminate the investigation and order the commitment of the delinquent.

But Judge DANFORTH subsequently says, after commenting upon the special facts of the case before him : " The Surrogate was not necessarily concluded by these bald and uncorroborated assertions of the defaulting executor, and, as the question is not only one to be determined upon evidence at least conflicting, but also rests in discretion which has not been unfairly exercised, we find no ground on which we can review the Surrogate's decision," citing Cochran v. Ingersoll (*supra*).

This language seems to me to be quite inconsistent with the soundness of the claim of counsel for the moving party in the case of bar, that, even for shielding herself from imprisonment for contempt, the respondent cannot, in the face of the decree of July 15th, 1886, and the provisions of § 2552 of the Code of Civil Procedure, be permitted to show that in truth and in fact she has at all times, since such decree was entered, been utterly unable to obey its directions.

If such be the legitimate scope and effect of the language of § 2552 as to what shall constitute " conclusive evidence " of sufficiency of assets, it must follow that when this court has once directed an executor or administrator to be imprisoned for disobeying a decree for the payment of money, this same " con-

clusive evidence" must render it forever afterwards powerless to grant the offender any relief under § 2286 based upon his actual inability to do what has been required of him.

It was held by the Court of Appeals, in Baucus v. Stover (39 *N. Y.*, 1), that although an executor is declared by § 13, tit. 3, ch. 6, part 2, R. S. (3 Banks, 7th ed., 2296), to be liable for his indebtedness to his testator " as for so much money in his hands at the time such debt becomes due " if nevertheless " he should be wholly unable to pay the money, in pursuance of the order or decree of the Surrogate, on account of his insolvency, he could not be attached and punished for contempt." An interpretation of § 2552, which would save this respondent from imprisonment (assuming that the statements in exoneration of her conduct are true) is in line with the interpretation of § 13, which has the sanction of our highest court, in Baucus v. Stover.

I feel warranted by the authorities above cited in applying to the case at bar the test which Judge DYKMAN applied in Cochran v. Ingersoll, viz.: If this respondent were actually in confinement to-day for disobedience to the decree here sought to be enforced, and were now asking to be discharged because of her inability to obey its directions, would her application commend itself to the approval of the court?

I think that it would and should, upon the papers before me, and must therefore dismiss the present proceeding, unless the moving party wishes to submit affidavits in opposition to those presented by the

respondent, or to pursue before the Surrogate an inquiry into the truth of the allegations in her behalf.