In re WARING'S ESTATE.

(Supreme Court, Appellate Division, Second Department.  January 14, 1896.)

EXECUTORS AND ADMINISTRATORS—FAILURE TO OBEY DECREE TO PAY MONEY.
Under Code Civ. Proc. § 2552, providing that a decree directing an ex-
ecutor to pay money to a person entitled to the same from the estate is
conclusive evidence that there are sufficient assets in his hands to satisfy
the sum directed to be paid, an executor cannot excuse his noncompliance
with a decree directing him to pay a specified sum by showing that he
has paid personal bills and money to himself and to his attorney, and
therefore has not the amount in his hands to pay as required, in the ab-
sence of appeal from or reversal of such order, though such payments were
legal.

Appeal from surrogate's court, Westchester county.

Judicial settlement of the accounts of Wilbur F. Washburn, ex-
ecutor of the estate of Jarvis A. Waring, deceased.   From an order
adjudging the executor guilty of contempt for refusing to obey a
decree requiring him to pay a specified sum, he appeals.   Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BART-
LETT, and HATCH, JJ.

F. X. Donoghue, for appellant.
John H. Ferguson, for Frederick H. Strong, assignee, respondent.

PRATT, J.   This is an appeal from an order adjudging the ap-
pellant guilty of contempt for refusing to obey a decree made in the
above matter by the surrogate of Westchester county requiring the
appellant to pay the sum of $1,512.55 now in his hands as executor
of said estate.   By section 2552 of the Code of Civil Procedure the
decree of the surrogate directing an executor to pay money to a
person entitled to the same from the estate is conclusive evidence
that there are sufficient assets in his hands to satisfy the sum di-
rected to be paid.   The defendant cannot be heard to impeach the
decree, but the same must stand as conclusive as to all questions
adjudicated therein, as there has been no appeal therefrom.   The
accounts were passed upon, and the sums due from the executor
ordered to be paid.   On the neglect or refusal of the appellant to
pay, an execution was issued and returned unsatisfied.   The appel-
lant was examined in supplementary proceedings, which disclosed
the fact that appellant had paid personal bills and money to
himself and also to his lawyer.   While the payments may have
been legally made, he cannot now be heard to excuse his noncompli-
ance with the decree by saying he has not the amount in his hands
to pay as required thereby.   In re Snyder, 103 N. Y. 178, 8 N. E.
479; In re Kurtzman, 2 N. Y. St. Rep. 655.   The defense urging
that the assignee of Oscar Waring is not entitled to enforce the de-
cree against Washburn has no merit.   However that might have
been in the surrogate's court, it cannot be urged at this time, as
there is no power to correct the decree except in this court or upon
appeal.   Smith v. Nelson, 62 N. Y. 288; Stillwell v. Carpenter, 59

N. Y. 414; Townsend v. Whitney, 75 N. Y. 425; Code Civ. Proc. § 2743.

The order must be affirmed, with costs.   All concur.