PRATT, J.
This is an appeal from an order adjudging the appellant guilty of contempt for refusing to- obey a decree made in the above matter by the surrogate of Westchester county requiring the appellant to pay the sum of $1,512.55 now in his hands as executor of said estate. By section 2552 of the Code of Civil Procedure the decree of the surfogate directing an ex *561 ecutor to pay money to a person entitled to the same from the estate is conclusive evidence that there are sufficient assets in his hands to satisfy the sum directed to be paid. The defendant cannot be heard to impeach the decree, but the same must stand as conclusive as to all questions adjudicated therein, as there has been no appeal therefrom. The accounts were passed upon, and the sums due from the executor ordered to be paid. On the neglect or refusal of the appellant to pay, an execution" was issued and returned unsatisfied. The appellant was examined in supplementary proceedings, which disclosed the fact that the appellant had paid personal bills and money to himself and also to his lawyer. While the payments may have been legally made, he cannot now be heard to excuse his noncompliance with the decree by saying he has not the amount in his hands to pay as required thereby. In re Snyder, 103 N. Y. 178; 2 St. Rep. 758; In re Kurtzman, 2 St. Rep. 655. The defense urging that the assignee of Oscar Waring is not entitled to enforce the decree against Washburn has no merit. However that might have been in the surrogate’s court, it cannot be urged at this time, as there is no power to correct the decree except in this court or upon apv peal. Smith v. Nelson, 62 N. Y. 288; Stillwell v. Carpenter, 59 N. Y. 414; Townsend v. Whitney, 75 id. 425; Code Civ. Proc., § 2743.
The order must be affirmed, with costs.
All concur.