In the Matter of the Estate of JARVIS A. WARING, Deceased.

WILBUR F. WASHBURN, Appellant; FREDERICK H. STRONG, Assignee, etc., Respondent.

*Contempt — Surrogate's Court — decree directing an executor to pay money to a person entitled thereto — that the executor has no funds is no defense thereto — right of an assignee to enforce the decree.*

The decree of a surrogate, directing an executor to pay money to a person entitled to it from the estate of his testator, is conclusive evidence that the executor has sufficient assets in his hands to satisfy the sum directed to be paid, and the executor cannot, upon an appeal, be heard to say that he has not the requisite amount in his hands.

An executor cannot urge, upon an appeal, that an assignee is not entitled to enforce a decree of a surrogate rendered in favor of his assignor against the executor.

APPEAL by Wilbur F. Washburn, one of the executors named in the will of Jarvis A. Waring, deceased, from a decree of the Surrogate's Court of the county of Westchester, entered in said Surrogate's Court on the 10th day of June, 1895, adjudging the said Wilbur F. Wasburn guilty of contempt of court.

*F. X. Donoghue* and *John F. Brennan*, for the appellant.

*John H. Ferguson*, for the respondent.

PRATT, J.:

This is an appeal from an order adjudging the appellant guilty of contempt for refusing to obey a decree made in the above matter by the surrogate of Westchester county requiring the appellant to pay the sum of $1,512.55 now in his hands as executor of said estate.

By section 2552 of the Code of Civil Procedure the decree of a surrogate directing an executor to pay money to a person entitled to the same from the estate of his testator is conclusive evidence that there are sufficient assets in his hands to satisfy the sum directed to be paid. The defendant cannot be heard to impeach the decree, but the same must stand as conclusive as to all questions adjudicated therein, as there has been no appeal therefrom.

The appellant's accounts were passed upon and the sums due from

him were ordered to be paid. On the neglect or refusal of the appellant to pay, an execution was issued and returned unsatisfied. The appellant was examined in supplementary proceedings, which disclosed the fact that the appellant had paid personal bills and money to himself and also to his lawyer. While the payments may have been legally made, he cannot now be heard to excuse his non-compliance with the decree by saying he has not the amount in his hands to pay as required thereby. (*Matter of Snyder*, 103 N. Y. 178; *Matter of Kurtzman*, 2 N. Y. St. Repr. 655.)

The defense urging that the assignee of Oscar Waring is not entitled to enforce the decree against Washburn, has no merit. However that might have been in the Surrogate's Court, it cannot be urged at this time, as there is no power to correct the decree in this court upon appeal. (*Smith* v. *Nelson*, 62 N. Y. 288; *Stilwell* v. *Carpenter*, 59 id. 414; *Townsend* v. *Whitney*, 75 id. 425; Code Civ. Proc. § 2743.)

The order must be affirmed, with costs.

All concurred.

Order of surrogate affirmed, with ten dollars costs and disbursements.