---

(18 App. Div. 306.)

## In re VAN HOUTEN'S ESTATE.

(Supreme Court, Appellate Division, Second Department. June 15. 1897.)

1. LEGACIES—LIABILITY TO TESTATOR'S DEBTS.

Though a specific legacy, as a general rule, vests in the legatee on the death of the testator, and, when the executor assents to it, the legacy ceases to be part of the testator's assets, yet, when there is a deficiency of assets to pay the debts, the executor cannot prudently or properly give such assent, and the specific legacy is subject to application upon the debts.

2. SAME—EXECUTORS—ACCOUNTING.

An executor cannot, when there is a deficiency of assets to pay the debts of the estate, devest himself of property as executor, in behalf of himself individually, in chattels specifically bequeathed to him, but must account therefor, and such chattels, and the executor in respect to the same, are subject to the jurisdiction of the probate court.

3. SAME—CREDITS—FINE FOR CONTEMPT.

When a fine is imposed on an executor in contempt proceedings. for failing to turn over assets with which he is chargeable, the executor is entitled to credit for the amount of the fine when paid.

Appeal from surrogate's court, Rockland county.

Application by Isaac E. Pye and others, creditors, for an order revoking letters testamentary issued to Erastus Van Houten, as executor of the will of Edward G. Van Houten, deceased. From an order adjudging the executor guilty of contempt, and fining him $3,134.94, he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Garrett Z. Snider, for appellant.
John M. Perry, for respondents.

BRADLEY, J. In this proceeding, instituted in behalf of the creditors of the appellant's testator, to revoke the letters testamentary issued to him, the order was made to that effect, and it was further ordered that "he pay and deliver over to Anna L. Van Houten

and Della Van Houten, executrices of Edward G. Van Houten, deceased, or their representatives, all money and property, or the proceeds thereof, which belonged to the estate of said deceased, or which came into his possession as executor, and all property belonging to the estate of said deceased now in his possession and under his control, and particularly" the goods and chattels which belonged to the testator in his lifetime, and were used in the livery stable business, and that he (Eratus Van Houten) is enjoined from exercising any control over or interfering with any of the property belonging to the estate. This order was violated by him, in that he refused to deliver such goods and chattels used in the livery stable business to those executrices or their representatives, and did not desist from exercising control over such property. And thereupon, on a further application to the surrogate's court, upon which he was heard, the order appealed from was made, whereby he was adjudged guilty of contempt, and fined the sum of $3,134.94, that being about the appraised value of such goods and chattels in the livery business. The order revoking the letters testamentary issued to the appellant, and directing him to deliver the personal property of the estate to the two executrices to whom letters testamentary had also issued, and enjoining him from exercising control over such property, was within the jurisdiction of the surrogate's court to make, and such order was made in this proceeding duly instituted and conducted. It was therefore the duty of the appellant to observe and obey that order; and when he refused to do so, and violated it in a substantial respect, the motion that he be judicially charged as in contempt, and punished, was also duly made and conducted to the conclusion before mentioned. Code Civ. Proc. §§ 2481, 2555, subd. 4.

The motion to charge the appellant with contempt, having been regularly conducted, presented for consideration the question only whether the court had jurisdiction to make the order with which his disobedience was charged, and established in such manner as to subject him to that imputation. In re Snyder, 103 N. Y. 178, 8 N. E. 479; People v. Van Buren, 136 N. Y. 252, 255, 32 N. E. 775. It is not claimed that there was any want of jurisdiction of the surrogate's court to make the order, or that there was any error in making it if the chattels in the livery business left by the testator were assets of the estate at the time the order directing the appellant to hand them over to his co-executrices was made. But it is contended that, inasmuch as those articles of property were bequeathed to him by the will of the testator, they, by virtue of the bequest, became his property when he took them into his possession, and proceeded, as he did, to use them in conducting the business. The bequest to him was of a specific legacy. As a general rule, such a legacy vests on the death of the testator, and the legatee is entitled to the income and profits that proceed from it. Kirby v. Potter, 4 Ves. 748; 3 Pom. Eq. Jur. § 1130. And, when the executor assents to it, the legacy ceases to be part of the testator's assets. 2 Williams, Ex'rs, 1242; Hudson v. Reeve, 1 Barb. 89. But, in case of deficiency of assets to pay the debts, the executor cannot prudently or properly give such assent, and the specific legacy is subject to application thereon in be-

half of creditors. And, as such was the situation of the estate in question, the appellant, as executor, could not by his assent devest himself of the property in that relation in behalf of himself individually. Spode v. Smith, 3 Russ. 511. And although, by reason of the bequest to him, he may not be chargeable with the income from the property, he must, as executor, account for the property as it came to him on the death of the testator, and as of that time. It would seem to follow that, for the purposes of the administration of the estate, this property must be treated as part of the assets of the estate of the deceased, and, as such, subject to the jurisdiction of the probate court, and consequently the executor, in respect to it, is also subject to the order of that court. In that view, the appellant, by his refusal to obey the mandate in question, became chargeable with contempt, and with the consequences which followed. The fine was imposed in behalf and for the benefit of the creditors. When paid, the appellant, as executor, will be entitled to credit for the amount of it. Code Civ. Proc. § 2284.

The order should be affirmed. All concur.