In the Matter of the Examination of DAVID CAMERICK, a Judgment
Debtor, in Proceedings Supplementary to Execution Issued upon
a Judgment against Him in Favor of JOSEPH W. ROSENZWEIG, a
Judgment Creditor.

DAVID CAMERICK, Appellant; JOSEPH W. ROSENZWEIG, Respondent.

*Contempt of court — refusal of a judgment debtor to deliver to a receiver possession
of his property which is commingled with goods consigned to him as agent.*

A judgment debtor, who has been ordered by the court to deliver to a receiver
appointed in supplementary proceedings "all property and money now in his
possession or under his control belonging to him and not exempt by section
2463 of the Code of Civil Procedure," is not excused from complying with a
demand made by such receiver for "possession and control of the business
and property" at a store kept by the debtor, by the fact that he has in such
store a quantity of goods consigned to him for sale as well as a quantity of
goods commingled therewith belonging to himself.

The refusal of the debtor in such a case to make delivery, so far as the store and
the goods actually owned by him are concerned, constitutes a contempt of
court, which is not excused by his statement that it is impossible for him to
separate consigned from unconsigned goods without a day's labor and going
over his stock piece by piece.

*Quære,* as to the duty of the judgment debtor to surrender the consigned goods.

APPEAL by David Camerick, the judgment debtor, from an order
of the County Court of Kings county, entered in the office of the clerk
of the county of Kings on the 28th day of June, 1898, adjudging
him in contempt for a failure to turn over his store and business to
the receiver appointed in the proceeding, with notice of an inten-
tion to bring up for review upon such appeal an order entered in
said clerk's office on the 7th day of June, 1898, appointing a receiver
of the property of said David Camerick.

*Charles F. Brandt,* for the appellant.

*Julius Henry Cohen,* for the respondent.

GOODRICH, P. J. :

In supplementary proceedings against a debtor he was examined,
and thereupon a receiver " of all the debts, property, equitable inter-
ests, rights and things in action of the said judgment debtor," with
the usual powers, was appointed. The debtor was ordered to

" deliver to the said receiver all property and money now in his possession or under his control, belonging to him and not exempt by section 2463 of the Code of Civil Procedure."

It appeared that the debtor conducted, in his own name, a men's furnishing store at No. 521 Myrtle avenue. Of this store he had a lease, and in the store he had a quantity of goods consigned to him for sale, and also a quantity of goods belonging to himself. The goods were commingled. The receiver demanded of the debtor " possession and control of the business and property " at such store, and attempted to place his agent in charge. The debtor prevented such agent from taking charge, and refused to deliver the store or any of the goods, saying that it was impossible for him to separate consigned from unconsigned goods, without a day's labor and going over his stock, piece by piece.

Upon the presentation of these facts, the County Court adjudged the debtor guilty of willfully violating the order of the court appointing the receiver, and ordered that unless within forty eight hours he should deliver up the possession of the store and all goods contained therein, the judgment creditor, upon proof of the debtor's failure to comply with the order, might apply *ex parte* for an attachment against the debtor bailable in the sum of $250, and further, in case of such failure, ordered that the motion to punish for contempt be granted, with $10 costs, and that an order *ex parte*, to that effect, might be entered. From this order the defendant appeals.

In *Matter of Pye, No.* 1 (18 App. Div. 306, 308) this court held : " The motion to charge the appellant with contempt having been regularly conducted, presented for consideration the question only, whether the court had jurisdiction to make the order with which his disobedience was charged and established in such manner as to subject him to that imputation."

Following this authority, we think the debtor was guilty of disobedience of the order appointing the receiver. Certainly this is clear as to the store and the goods actually owned by the debtor, and his refusal to deliver them would be sufficient to justify the adjudication for contempt. It is unnecessary to examine the further question as to the order for the surrender of the consigned goods, although the demand for the store and for the goods which the debtor owned was coupled with a demand for the possession of such

consigned goods. The debtor was guilty of contempt in refusing to surrender the store and the goods which, by his admission, were owned by him.

The order must be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.