In re CAMERICK.

(Supreme Court, Appellate Division, Second Department. November 1, 1898.)

CONTEMPT—RESISTING RECEIVER—SUPPLEMENTARY PROCEEDINGS.

A judgment debtor, ordered, in a proceeding supplementary to execution, to deliver to a receiver, therein appointed, all property and money in his possession, or under his control, belonging to him, and not exempt from execution, was guilty of contempt in refusing to surrender to such receiver possession of a store of which he had a lease, and in which he had goods of his own, on the alleged ground that they were commingled with other goods, which had been consigned to him for sale.

IN RE CAMERICK.

Appeal from Kings county court.

Proceeding supplementary to execution on a judgment in favor of Joseph W. Rosenzweig, and against David Camerick. From an order adjudging the judgment debtor in contempt for a failure to surrender his store and business to a receiver appointed in said proceeding, he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles F. Brandt, for appellant.

Julius Henry Cohen, for respondent.

GOODRICH, P. J. In supplementary proceedings against a debtor he was examined, and thereupon a receiver "of all the debts, property, equitable interests, rights and things in action of the said judgment debtor," with the usual powers, was appointed. The debtor was ordered to "deliver to the said receiver all property and money now in his possession, or under his control, belonging to him, and not exempt by section 2463 of the Code of Civil Procedure." It appeared that the debtor conducted in his own name a men's furnishing store at No. 521 Myrtle avenue. Of this store he had a lease, and in the store he had a quantity of goods consigned to him for sale, and also a quantity of goods belonging to himself. The goods were commingled. The receiver demanded of the debtor "possession and control of the business and property" at such store, and attempted to place his agent in charge. The debtor prevented such agent from taking charge, and refused to deliver the store, or any of the goods, saying that it was impossible for him to separate consigned from unconsigned goods without a day's labor, and going over his stock piece by piece. Upon the presentation of these facts, the county court adjudged the debtor guilty of willfully violating the order of the court appointing the receiver, and ordered that, unless within 48 hours he should deliver up the possession of the store and all goods contained therein, the judgment creditor, upon proof of the debtor's failure to comply with the order, might apply ex parte for an attachment against the debtor bailable in the sum of $250, and, further, in case of such failure, ordered that the motion to punish for contempt be granted, with $10 costs, and that an order ex parte to that effect might be entered. From this order the defendant appeals.

In Re Pye, 18 App. Div. 306, 308, 46 N. Y. Supp. 350, 351, this court held: "The motion to charge the appellant with contempt, having been regularly conducted, presented for consideration the question only whether the court had jurisdiction to make the order with which his disobedience was charged and established in such manner as to subject him to that imputation." Following this authority, we think the debtor was guilty of disobedience of the order appointing the receiver. Certainly this is clear as to the store and the goods actually owned by the debtor, and his refusal to deliver them would be sufficient to justify the adjudication for contempt. It is unnecessary to examine the further question as to the order for the surrender of the consigned goods, although the demand for the store and for the goods which the debtor owned was coupled with a demand for the possession

of such consigned goods. The debtor was guilty of contempt in refusing to surrender the store and the goods which, by his admission, were owned by him.

The order must be affirmed, with $10 costs and disbursements. All concur.