## In re HOLMES' ESTATE.

(Supreme Court, Appellate Division, Third Department. January 14, 1903.)

1. EXECUTOR — PAYMENT OF LEGACIES — DECREE — ENFORCEMENT PENDING APPEAL.

Where an executor, on appealing from a final decree directing him to pay certain legacies, gave the undertaking for costs required by Code Civ. Proc. § 2577, but not the undertaking required by section 2578 for staying execution, the respondents could enforce the decree as if it had not been appealed from, and were not limited to enforcing it by execution.

2. SAME—DISOBEDIENCE—CRIMINAL CONTEMPT.

Under the direct provisions of Code Civ. Proc. § 2555, disobedience by an executor of a surrogate's decree directing the payment of certain legacies is punishable as a criminal contempt.

Appeal from surrogate's court, Chenango county.

Proceeding for the final settlement of the estate of Mary E. Holmes, deceased. From an order adjudging William S. Holmes, executor, guilty of contempt for failure to pay legacies, he appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and CHESTER, JJ.

Edmund B. Jenks, for appellant.

Nelson P. Bonney, special guardian, in pro. per.

E. E. Mellon, for Gutches and others, respondents.

CHESTER, J. By the final decree in this matter the appellant, as executor of the last will of his wife, Mary E. Holmes, was directed

¶ 1. See Contempt, vol. 10, Cent. Dig. § 77; Executors and Administrators, vol. 22, Cent. Dig. § 1311.

to pay several legatees under such will various sums, amounting, in the aggregate, to $1,794.30. Upon his failing to comply with such direction, the order appealed from was made. Upon the rendition of such final decree this appellant also appealed therefrom to this court, and gave the undertaking for costs required by section 2577 of the Code of Civil Procedure to perfect the appeal, but he did not give the undertaking required by section 2578 of such Code for staying the execution of the decree. The respondents were therefore at liberty to proceed with its enforcement the same as if it had not been appealed from, and they were not limited to enforcing it by execution. It is true that under the former statutes disobedience by an executor to a surrogate's decree directing the payment by him of money generally, and not out of a specific fund, could not be punished as a criminal contempt. Watson v. Nelson, 69 N. Y. 537. But since the enactment of section 2555 of the Code of Civil Procedure in 1880 the rule is changed. · That section provides that—

"A decree of a surrogate's court directing the payment of money * * * may be enforced by serving a certified copy thereof upon the party against whom it is rendered * * * and if he refuses or wilfully neglects to obey it, by punishing him for a contempt of. court * * * where the delinquent is an executor * * * and the decree relates to the fund or estate, in which case the surrogate may enforce the decree as prescribed in this section, either without issuing an execution, or after the return of an execution, as he thinks proper."

The record shows that the case is clearly within the ᵣᵣᵣ₀vision of this section, and therefore that the surrogate's court properly made the order punishing the executor as for a contempt of court, and fining him therefor the amount of the legacies which he had been directed to pay. In re Snyder, 103 N. Y. 178, 8 N. E. 479.

The order appealed from should be affirmed, with costs.

Order affirmed,. with $10 costs and disbursements. All concur.